SPECTOR, Judge.
Petitioner in an original habeas corpus action seeks release from a five-year sentence imposed upon him after his convic *428 tion of the crime of escape from the Alachua County Jail.
 In support of his claim, petitioner advances the interesting theory that his escape was not unlawful and, hence, not a crime inasmuch as the sentence he was serving at the time he escaped was itself unlawful. The allegedly unlawful sentence was a two-year term imposed after he pled guilty to a charge of breaking and entering with intent to commit a misdemeanor. Petitioner’s claim is that the two-year prison sentence earlier imposed upon him was invalid by operation of the rule announced by the court in .the case of Calloway Brown v. State, Case No. 2481, original opinion dated October 22, 1969,' not reported. While the Calloway Brown decision relied upon by petitioner did stand for the proposition asserted by him, the said opinion never became final since it was receded from by the court on rehearing. The court’s final decision in Callo-way Brown was filed on February 12, 1970, 232 So.2d 55. Inasmuch as the original opinion dated October 22, 1969, in the Cal-loway Brown case spawned a spate of post-conviction motions to vacate judgments and sentences and habeas corpus actions, all of which proceed on the mistaken notion that crimes punishable by sentences of imprisonment in county jails or in the state prison are not felonies, we deem it especially appropriate to call to the attention of the members of the Raiford bar the fact that the court receded from its earlier views by its February 12 decision noted above. Much judicial time and labor has been expended in considering and disposing of cases of this type simply because prisoners have not taken proper note of the fact that the opinions of appellate courts are not final until the time for rehearing and disposition thereof, if any, has run. I suppose that failure to be cognizant of this latter rule has caused numerous prison inmates to sacrifice their few pennies and privileges given to their more sophisticated fellow inmates who hold out to them false hopes of release or new trials.
Viewing the legality of petitioner’s sentence in the breaking and entering case in light of the court’s opinion on rehearing in Calloway Brown, we hold that the said sentence is not invalid. Accordingly, pe-tioner’s claim, being predicated upon a fallacious legal premise, must fall.
The petition is denied.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.