536 So.2d 393 (1989)
Ralph ULIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0257.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED. We reject appellant's claim as to the sufficiency of the evidence and the admission of a partially inaudible tape recording made during an alleged discussion of a drug deal between appellant, his friend, and an undercover police officer.
We believe that the tape had sufficient relevant portions that were audible to justify its admission. We also find any potential error harmless in permitting the police officer to testify as to the inaudible portions of the tape. The officer was permitted *394 to testify as to the conversation between himself and appellant and his friend. This testimony was clearly admissible to prove the alleged conspiracy to sell drugs that the state claimed took place during that conversation. However, the officer was also allowed to play the tape in front of the jury and narrate the alleged conversation that took place during the inaudible portions of the tape.
In Stanley v. State, 451 So.2d 897 (Fla. 4th DCA 1984), we held that the jury is in the best position to determine what can be heard on a tape and that it was error, albeit harmless in that instance, to allow a transcript of the tape to be read by the jurors at the same time the tape was being played. Similarly, here we believe the jury should have been allowed to determine what was on the tape without the intervention of the police officer. Nevertheless, since the officer had already properly testified to the conversations (and therefore, implied what was said on the tape) we find such error harmless.
HERSEY, C.J., and DOWNEY and ANSTEAD, JJ., concur.