WENTWORTH, Senior Judge.
This is an appeal from a final judgment of the Circuit Court for Alachua County entered on a jury verdict finding appellant MeFatten guilty of possession of cocaine and sale of cocaine within 1000 feet of a school. We affirm.
Appellant’s sole contention on appeal is that the trial court abused its discretion in admitting in evidence a tape recording, which appellant describes as “partially unintelligible,” and in allowing explanatory testimony by the state’s witness Paul Terry.
The tape was made when Detectives Hunter and Smith wired Terry, a confidential informant, searched him and accessible areas of his car, and sent him to appellant’s home *634 to buy cocaine. Defense objected to the tape being played to the jury, asserting it was inaudible and accordingly not subject to interpretation by Terry’s testimony.
The decisions in Harris v. State, 619 So.2d 340 (Fla. 1st DCA 1993); Golden v. State, 429 So.2d 45 (Fla. 1st DCA), rev. denied, 431 So.2d 988 (Fla.1983); Uliano v. State, 536 So.2d 393 (Fla. 4th DCA 1989); and Odom v. State, 403 So.2d 936 (Fla.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982), clearly permit explanatory testimony as to a partially inaudible tape recording which is properly authenticated by one having personal knowledge of the recording contents, as Terry did in this ease. “Florida law provides that if reasonable persons could disagree whether the recorded statements are clear enough to be understood, the determination of the trial court will not be disturbed.” State v. Steinbrecher, 409 So.2d 510, 511 (Fla. 3d DCA 1982), citing authorities.
We apply the applicable law in favor of affirmance here based in part on portions of the tape containing voices identified by Terry as his and appellant’s as follows:
[Voice 1]: That’ll be about seven dr eight pieces—
[Voice 2]: Eight or nine pieces.
[[Image here]]
[Voice 2]: It’s for you, ain’t it?
Although our examination of the tape does not verify any audible reference to cocaine or “crack” as the “pieces” being counted on the substance to which “it” refers, Terry’s testimony to that effect appears to us to be within the scope of proper interpretation by such a witness. Conceding the extremely poor quality of the recording, and the inaudibility or irrelevance of much of its contents, those considerations do not in our opinion show abuse of discretion by the trial court in the circumstances.
AFFIRMED.
MINER, J., concurs.
ERVIN, J., dissents.