629 So.2d 1058 (1993)
Ezra HENRY, Gloria Miller, and Jack Harris Dent, Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-2861 thru 92-2863.
District Court of Appeal of Florida, Fifth District.
December 30, 1993.
Rehearing Denied January 21, 1994.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellant.
*1059 Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellants, Ezra Henry, Gloria Miller and Jack Dent, were convicted of trafficking in cocaine as a result of being stopped on the Florida Turnpike for a non-functioning tag light. The lessor of the car, Henry, consented to a search by the arresting officers. As the defendants were waiting for the search to take place, an audio tape of their conversation was made. Five packages of cocaine were found beneath the hood of the vehicle.
At trial the state, over defense objection, submitted a transcript of the tape as an aid to the jury. The transcript was prepared by the sheriff's office, and represented the interpretation of the transcriber. The audibility of the tape can only be described as poor. The transcript was not entered into evidence, but the jury was permitted to use it during the trial.
The general rule regarding admissibility of partially inaudible tape recordings is that such recordings are admissible unless the inaudible and unintelligible portions are so substantial as to deprive the remainder of relevance. Odom v. State, 403 So.2d 936 (Fla. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Harris v. State, 619 So.2d 340 (Fla. 1st DCA 1993). In regard to admissibility of the transcript of the tape, the law of Florida requires authentication by one of two methods: (1) the person who prepared the transcript could testify that he witnessed the events recited in the transcript and thus had personal knowledge that the transcript was an accurate rendition of the tape-recording; or (2) an expert witness professionally skilled in understanding indistinguishable taped conversations could testify that the transcript was an accurate rendition of the tape-recording. See Uliano v. State, 536 So.2d 393 (Fla. 4th DCA 1989); Golden v. State, 429 So.2d 45 (Fla. 1st DCA), rev. denied, 431 So.2d 988 (Fla. 1983); Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966). Neither method was used in the instant case; hence it was error for the trial court to allow the transcript to be used by the jury. Given the extensive deletions of disputed words and phrases, however, the use of the transcript, standing alone, would not constitute reversible error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The more egregious error was the trial court's failure to grant a mistrial motion prompted by the prosecutor's remark during closing argument which suggested, without any evidentiary basis, that the defendants previously had been involved in drug trafficking. In DiGuilio, the Florida Supreme Court adopted the harmless error test enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967): the state, as beneficiary of the error, has the burden to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict. DiGuilio at 1138. The state has not sustained that burden in respect to the prosecutor's comments suggesting that the defendants were repeat offenders. See Finklea v. State, 471 So.2d 596 (Fla. 1st DCA 1985).
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and GRIFFIN, JJ., concur.