676 So.2d 1034 (1996)
Jeff BUTLER, III, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1146.
District Court of Appeal of Florida, First District.
June 27, 1996.
*1035 Nancy A. Daniels, Public Defender, and Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges convictions and sentences entered after a jury trial during which he was not present in the courtroom for jury selection. Although his attorney purported to waive the appellant's right to be present, the court did not obtain a personal waiver from the appellant or confirm the appellant's acquiescence and ratification of his attorney's actions, as required by Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). The state asserts that an objection was required to preserve this issue for appeal, in accordance with Gibson v. State, 661 So.2d 288 (Fla.1995). But the court did not suggest in Gibson that it intended to recede from the recent ruling in Coney, which obligates the trial court to make a proper inquiry regarding the defendant's personal waiver or acquiescence. See also Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996). Because such personal waiver or acquiescence was not obtained in the present case, the appealed orders are reversed and the case is remanded.
WEBSTER and MICKLE, JJ., concur.