PER CURIAM.
In this direct criminal appeal, appellant seeks review of his aggravated battery conviction, and of the imposition of restitution. Only one issue merits discussion.
Appellant asserts that he is entitled to a new trial because he was not physically present during a bench conference at which a prospective juror was challenged and excused. The record clearly reflects that appellant was in the courtroom during the entire jury selection process. It reflects, further, that appellant consulted with his attorney immediately before the bench conference, and immediately after the bench conference, but before his attorney accepted the jury.
Because this case was tried before release of the opinion in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, - U.S. -, 116 S.Ct. 315, 183 L.Ed.2d 218 (1995), that decision has no bearing. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996) (certifying question of great public importance on motion for rehearing). Even if the rule set out in Coney were applicable to this case, appellant would not be entitled to a new trial because it is clear that noncompliance with that rule was harmless for the reasons discussed in Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996). Finally, it is clear that the requirements of Francis v. State, 413 So.2d 1175 (Fla.1982) (the predecessor to Coney), were satisfied.
AFFIRMED.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.