680 So.2d 592 (1996)
James D. WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2576.
District Court of Appeal of Florida, Third District.
September 18, 1996.
Rehearing Denied October 23, 1996.
*593 Bennett H. Brummer, Public Defender and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Wanda Raiford, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and GREEN, JJ.
GREEN, Judge.
James D. Wilson appeals his convictions and sentence for trespass while armed with a dangerous weapon, attempted first-degree murder, and aggravated battery after a trial by jury. Wilson raises three issues on this appeal. First, he asserts that his absence from the sidebar conference when peremptory challenges to the jury were exercised was reversible error where the trial court failed to make an affirmative determination of whether he knowingly, intelligently, and voluntarily waived his presence as required by Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). The state's response is that this issue was not properly preserved for appellate review where Wilson did not register a contemporaneous objection to the trial court. In the alternative, the state asserts that it is not clear from the record that Wilson was not actually present at sidebar.
In Coney, the supreme court reiterated that a criminal defendant has a fundamental right to be present when peremptory challenges to prospective jurors are exercised:
[The defendant] has the constitutional right to be present at the stages of his trial where fundamental fairness might be thwarted by his absence. Florida Rule of Criminal Procedure 3.180(a)(4) recognizes the challenging of jurors as one of the essential stages of a criminal trial where a defendant's presence is mandated.
Coney, 653 So.2d at 1013 (citing Francis v. State, 413 So.2d 1175, 1177 (Fla.1982)). The defendant's right to be present, however, is subject to waiver but the court must affirmatively determine through proper inquiry that any such waiver is knowing, intelligent, and voluntary. Id. at 1013. Alternatively, the Coney opinion says that "the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made," provided again that the trial court "certifies the defendant's approval through proper inquiry." Id.
We disagree with the state's assertion that Wilson's failure to interpose a timely objection to being excluded from this side bar is fatal to appellate review. Where peremptory challenges are used, the trial court's failure to comply with requirements of Coney constitutes fundamental error which may be raised for the first time on appeal. Butler v. State, 676 So.2d 1034 (Fla. 1st DCA 1996); Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996). Further, the trial transcript refutes the state's suggestion that Wilson may have actually been present at sidebar during the selection of the jury.[1] Thus we conclude that the trial court reversibly erred where Wilson was not present at sidebar for the exercise of the peremptory challenges and there was no affirmative showing on the record by the trial *594 court that Wilson either expressly waived his presence or that he ratified the peremptory challenges made by his counsel.
Since we have to remand this cause for a new trial, we must also address one of Wilson's remaining points on appeal. Wilson asserts that the trial court erred when it permitted the victim to interpret for the jury an inaudible telephone message left by Wilson on the victim's recorder.[2] When the tape was played, one of the jurors apparently did not understand the contents of Wilson's message. Over the defense's objection, the court permitted the victim to interpret inaudible or muffled portions of the tape for the jury. Wilson argues that this was error where: (1) the victim was not a party to Wilson's telephone conversation and thus had no independent knowledge of the contents thereof and (2) the victim was not otherwise qualified as an expert skilled at deciphering inaudible telephone conversations. We agree.
The general rule regarding admissibility of partially inaudible tape recordings is that such recordings are admissible
unless the inaudible and unintelligible portions are so substantial as to deprive the remainder of relevance; and partial inaudibility or unintelligibility is not a ground for excluding a recording if the audible parts are relevant, authenticated, and otherwise properly admissible.
Harris v. State, 619 So.2d 340, 342 (Fla. 1st DCA 1993) (quoting Loren v. State, 518 So.2d 342, 352 n. 4 (Fla. 1st DCA 1987)); see also Henry v. State, 629 So.2d 1058, 1059 (Fla. 5th DCA 1993). Where, as in the trial below, a partially inaudible tape recording is appropriately played for the trier of fact, the case law is clear that neither a written nor oral interpretation of the inaudible portions of the tape recording is admissible unless such interpretation is properly authenticated by a person having personal knowledge of the contents of the tape recording or by an expert witness skilled in interpreting inaudible tape recordings. Henry v. State, 629 So.2d at 1059 (citing Uliano v. State, 536 So.2d 393 (Fla. 4th DCA 1989), Golden v. State, 429 So.2d 45 (Fla. 1st DCA), rev. denied, 431 So.2d 988 (Fla.1983), and Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966)); Harris v. State, 619 So.2d at 342. Wilson's taped phone message left to the victim was not authenticated by either of these two methods in the instant case. The victim was not a participant to Wilson's telephone conversation and therefore the victim was in no better position than the jury to interpret and/or understand the contents of the inaudible portions of the tape. Nor was it demonstrated by the state that the victim otherwise possessed special expertise in interpreting inaudible tape messages. For these reasons, we find that the trial court erred in permitting the victim to essentially interpret Wilson's taped telephone message for the jury.
In light of our disposition of this appeal, we find that we need not reach Wilson's final issue on appeal.
Reversed and remanded for new trial.
NOTES
[1] While explaining the jury selection procedure to the jury panel, the trial judge stated:

"The attorneys will come up here and we'll decide who the jury will be in this case."
Later, the trial judge summoned the attorneys sidebar, stating:
"Are the attorneys ready at this time?"
From this record, it is clear that Wilson was neither invited or expected to be present at sidebar during the jury selection.
[2] The victim testified as follows:

[Prosecutor]: Mr. Rubbens, your being familiar with the defendant's voice, were you able to tell what he said in the first conversation?
[Defense Counsel]: Best evidence has been submitted.
[Court]: Don't argue, please. Overruled. If he knows and if he can. As long as it is not guessing. Go ahead.
[Mr. Rubbens]: He said I have been tested for AIDS, and now you and Anita have it, too. I believe that is right.
[Prosecutor]: As to the second conversation, were you able to tell what he said?
[Mr. Rubbens]: Basically, I will see you in court.