696 So.2d 798 (1997)
Johnnie E. HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00448.
District Court of Appeal of Florida, Second District.
February 21, 1997.
James Marion Moorman, Public Defender, Bartow, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Chief Judge.
Johnnie Hill appeals judgments and sentences for robbery with a firearm and carjacking. He raises three issues on appeal. We find merit only in his claim that a public defender's lien was improperly imposed against him without notice of his right to challenge the amount of the lien, as required by Florida Rule of Criminal Procedure 3.720(d)(1). We therefore strike the lien. The trial court may again impose the lien upon proper notice. We affirm the judgments *799 and sentences in all other respects. We join in the certified question in the concurring opinion.
Affirmed; lien stricken.
QUINCE, J., Concurs.
ALTENBERND, J., Concurs specially.
ALTENBERND, Judge, Concurring.
I agree with the majority's opinion. Although I would not reverse this case, I concur separately to discuss the jury selection issue and to submit two certified questions from this panel to the supreme court.
In Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), the supreme court, announcing a prospective clarification of Florida Rule of Criminal Procedure 3.180(a), held that a defendant must be "physically present at the immediate site where pretrial juror challenges are exercised," unless the defendant waives this right. It is not clear when the supreme court "announced" this prospective change in the law, or by what procedure a defendant may raise an unpreserved Coney issue. Based on the law, however, I conclude that Coney was announced before Mr. Hill's trial, but that he must raise this unpreserved Coney issue in a postconviction motion filed pursuant to rule 3.850. The two questions that I certify to the supreme court on behalf of the entire panel are:
I. ON WHAT DATE WAS THE CONEY DECISION ANNOUNCED?
II. IF A CONEY ISSUE IS NOT PRESERVED AT TRIAL, MUST A PRISONER FILE A POSTCONVICTION MOTION ALLEGING UNDER OATH THAT HE OR SHE WOULD NOT HAVE EXERCISED PEREMPTORY CHALLENGES IN THE SAME MANNER AS HIS OR HER ATTORNEY?
The state alleged that Mr. Hill committed robbery with a firearm and carjacking. The jury convicted him of these charges. The record contains nothing to suggest that he was prejudiced by any aspect of his trial. Nevertheless, the opinion in Coney announcing a prospective change in the law was issued on Thursday, January 5, 1995. This case was tried on the following Wednesday, January 11, 1995. The lawyers did not remind the trial judge that Mr. Hill should be present at the bench conference when they exercised peremptory challenge, and there is no question that he was absent from the conference. Both the assistant state attorney and Mr. Hill's attorney exercised peremptory challenges during the conference. Mr. Hill's attorney had peremptory challenges remaining at the end of the conference.
Coney does not apply to "cases which have been tried before the rule [was] announced." Boyett v. State, 688 So.2d 308 (Fla. 1996).[1] The critical issue in this case is whether this procedural rule was "announced" on January 5, 1995, when the supreme court issued Coney, or on April 27, 1995, when it denied rehearing. In certifying this issue to the supreme court, the Third District held that the rule in Coney applies only to cases tried after the denial of rehearing. Henderson v. State, 679 So.2d 805 (Fla. 3d DCA 1996). See also Cardali v. State, 21 Fla. L. Weekly D2375, ___ So.2d ___ [1996 WL 637710] (Fla. 3d DCA Nov. 6, 1996) (Coney inapplicable to case tried before Coney decision became final). The Henderson court assumed that a rule is "announced" when the opinion becomes "final." It relied on a First District case, Caldwell v. State, 232 So.2d 427 (Fla. 1st DCA 1970), which involved an opinion that was withdrawn on rehearing. Although a decision of an appellate court is not enforceable between the parties to the appeal until it is "final," it is not clear to me that trial courts in other cases can ignore the holding in an issued opinion until a motion for rehearing is resolved. The First District has not relied upon Caldwell in this context and has at least assumed that Coney applied to a trial in late January 1995. See Mejia v. State, 675 So.2d 996 (Fla. 1st DCA 1996).
*800 For purposes of Florida Rule of Criminal Procedure 3.850, this court has held that the rule in Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), was announced on October 14, 1993, when the opinion was issued, and not on February 9, 1994, when rehearing was denied. Sikes v. State, 683 So.2d 599 (Fla. 2d DCA 1996). Under circumstances where prospectivity was not a factor, both this court and the Fifth District applied Pope v. State, 561 So.2d 554 (Fla. 1990), to "pipeline" cases when Pope was still pending on rehearing in the supreme court. See, e.g., Reed v. State, 565 So.2d 708 (Fla. 5th DCA 1990) (finding no authority to delay application of Pope); Allen v. State, 561 So.2d 1339 (Fla. 2d DCA 1990) (same). Treating the date of issuance as the date of announcement for a prospective rule appears consistent with the discussion in Smith v. State, 598 So.2d 1063 (Fla.1992), but that opinion is not dispositive. In an analogous context, the supreme court chose the date its opinion in Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991), was "filed" as the date when a statute was voided by that opinion. As such, I conclude that the Martinez opinion was "filed" before the date that rehearing was denied. See § 25.041(2), Fla.Stat. (1995).
I believe that the new procedural rule in Coney was "announced" on Thursday, January 5, 1995, when the supreme court issued its opinion. The rule was available to lawyers, judges and the public under the well-established procedures of the supreme court on that date. The rule was not modified on rehearing. If rehearing delayed implementation of a rule in other lawsuits, there would be a great incentive for parties to file frivolous motions for rehearing in an effort to affect the outcome in other cases. As a practical matter, determining whether a motion for rehearing has been filed and remains pending in the supreme court or a district court typically requires a telephone call to the clerk of the court. While lawyers are free to debate whether the supreme court is infallible, the simple truth is that few rules of law are significantly modified on rehearing by that court or this court. Thus, both legal and practical reasons suggest that a rule is "announced" when the opinion is issued except in the rare situation where the rule is modified on rehearing.
Although I conclude that Mr. Hill has the right to raise the Coney issue, I do not believe he has the right to raise it on direct appeal. But see Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996) (stating that Coney violations are fundamental errors that may be raised on direct appeal); Mejia, 675 So.2d at 999 (same). There is nothing in this record to suggest that Mr. Hill would have taken any action at the bench that would have affected the make-up of this jury.
I will not enter the debate concerning the supreme court's reason for removing the sentence in the initial release of Coney that suggested a defendant need not or cannot preserve this issue at trial. See, e.g., Mejia, 675 So.2d at 998-99. But see Gibson v. State, 661 So.2d 288 (Fla.1995) (Coney argument waived where defendant did not object during jury selection). I assume a prisoner can raise this issue in a postconviction motion without the need to preserve it at trial. A prisoner may allege that his lawyer was ineffective by failing to read the advance sheets and advise the trial court of his client's newly announced right.
On the other hand, I cannot conclude that the Coney issue is a per se error. See Scott v. State, 618 So.2d 1386 (Fla. 2d DCA 1993) (defendant's presence by video at arraignment is not per se error). Unlike a Neil[2] issue where a jury either includes someone who should have been dismissed or excludes someone who should not have been dismissed, the Coney issue does not automatically affect the make-up of the jury. Cf. Ganyard v. State, 686 So.2d 1361 (Fla. 1st DCA 1996) (rejecting defendant's argument that he might have exercised peremptory challenges if present at bench conference). Therefore, I conclude that Mr. Hill should be required to allege under oath and prove that he would have affected the make-up of his jury if he had been allowed to be physically present at the bench conference.
*801 Accordingly, I concur in the affirmance, but conclude that Mr. Hill is entitled to raise this issue in a properly filed postconviction motion pursuant to rule 3.850.
NOTES
[1] As discussed in Boyett v. State, 688 So.2d 308 (Fla.1996), this procedure has been modified by a change in Florida Rule of Criminal Procedure 3.180(b). Thus, actual physical presence at the bench is not a constitutional requirement, but simply a procedure created by a rule of court to assure total compliance with due process.
[2] State v. Neil, 457 So.2d 481 (Fla.1984).