695 So.2d 1314 (1997)
Timothy LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00360.
District Court of Appeal of Florida, Second District.
July 2, 1997.
James Marion Moorman, Public Defender, Bartow, and Richard J. Sanders, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Timothy Lee appeals his convictions and sentences for battery on a law enforcement officer; escape; and possession of cocaine, marijuana, and drug paraphernalia. He alleges, among other issues, that the trial court erred in failing to determine if he knowingly and voluntarily waived his right to be present at the bench where pretrial juror challenges were exercised. We affirm because the issue has not been preserved for review on direct appeal. We also affirm without further comments the other issues raised.
Lee alleges he is entitled to a new trial based on the trial court's failure to follow the procedure announced in Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), i.e., to affirmatively inquire as to whether a defendant wishes to waive his/her right to be present at the bench during the exercise of pretrial juror challenges. Lee's trial transcript indicates that defense counsel and the prosecutor exercised challenges at the bench on four separate occasions during voir dire; however, there is nothing in the record to indicate that Lee was asked whether he wished to be present at the bench. It also appears from the record that neither Lee nor *1315 defense counsel lodged an objection or requested that Lee be present at the bench.
Lee was tried on November 15, 1995, more than seven months after the supreme court denied rehearing in Coney; therefore, Coney is applicable to this case. See Boyett v. State, 688 So.2d 308 (Fla.1996). However, in Hill v. State, 696 So.2d 798 (Fla. 2d DCA 1997), Judge Altenbernd in his concurring opinion stated, and we agree, that failure to obtain a "Coney" waiver cannot be raised on direct appeal without an objection made on the same grounds at trial. Steinhorst v. State, 412 So.2d 332 (Fla.1982). We recognize that failure to obtain a Coney waiver has been deemed fundamental error by other district courts, see Butler v. State, 676 So.2d 1034 (Fla. 1st DCA 1996); Wilson v. State, 680 So.2d 592 (Fla. 3d DCA 1996), dismissed, 693 So.2d 33 (Fla.1997); Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), rev. granted, 694 So.2d 739 (Fla.1997); however, we believe it more appropriate to raise allegations of unpreserved error in a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. This approach to reviewing Coney errors gives defendants a meaningful opportunity to allege and demonstrate prejudice, and also serves to protect judicial resources.
We, therefore, affirm Lee's judgment and sentence. We acknowledge interdistrict conflict on this issue and certify to the Florida Supreme Court one of the questions previously certified in Hill v. State:
IF A CONEY ISSUE IS NOT PRESERVED AT TRIAL, MUST A PRISONER FILE A POSTCONVICTION MOTION ALLEGING UNDER OATH THAT HE OR SHE WOULD NOT HAVE EXERCISED PEREMPTORY CHALLENGES IN THE SAME MANNER AS HIS OR HER ATTORNEY?
DANAHY, A.C.J., and WHATLEY, J., concur.