697 So.2d 941 (1997)
Isiaih NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02792.
District Court of Appeal of Florida, Second District.
July 30, 1997.
*942 James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Isiaih Neal was tried before a jury on a charge of second degree murder. The jury found him guilty of manslaughter. Neal challenges his conviction on the sole ground that the trial court allowed counsel to exercise challenges to prospective jurors at a bench conference outside Neal's immediate presence, in violation of the rule announced in Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). We affirm because no such error appears in the record, and, in any event, this issue was not preserved for review on direct appeal.
Neal was present in the courtroom during jury selection. After voir dire, the judge asked counsel to take a few minutes to consider their selections and then approach the sidebar. The record does not disclose whether Neal attended the sidebar conference. It does reflect that the judge did not inquire whether Neal waived his right to be present at the bench during the juror challenges, and that neither Neal nor defense counsel made any objections in this regard.
An appellant bears the burden to establish the existence of reversible error. E.g., Moore v. State, 504 So.2d 1311 (Fla. 1st DCA) (claim that reversible error occurred because defense counsel was not present when trial court responded to jury question was mere speculation because the record was silent on the issue), review denied, 513 So.2d 1062 (Fla.1987). Here, the record fails to reflect that Neal was not immediately present during the juror challenges; to the contrary, the judge's failure to make a waiver inquiry and the failure of the defense to object on that ground are consistent with the possibility that Neal actually was at the bench conference. Because no error appears in the record, we must affirm. See Mathis v. State, 683 So.2d 582 (Fla. 1st DCA 1996) (Criminal Division en banc), decision approved on other grounds, 688 So.2d 334 (Fla.1997).
Beyond that, even if a Coney error had appeared in this record, it was not preserved for review. This court recently has held that the failure to obtain a Coney waiver cannot be raised on direct appeal unless an objection on that ground was made at trial. Lee v. State, 695 So.2d 1314 (Fla. 2d DCA 1997). Instead, it is more appropriate to allege such an error in a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We acknowledge that we are in conflict with decisions of other districts holding that Coney errors are fundamental. See, Butler v. State, 676 So.2d 1034 (Fla. 1st DCA 1996); Wilson v. State, 680 So.2d 592; Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), review granted, 694 So.2d 739 (Fla.1997).
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.