SHAW, Justice.
We have for review Hill v.State, 696 So.2d 798 (Fla. 2d DCA 1997), wherein the court certified:
On what date was the Coney decision “announced”? [1]
Id. at 798-99 (quotation marks added). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
*647 We recently answered the above question in Henderson v. State, 698 So.2d 1205 (Fla. 1997), wherein we held that Coney became final when the time for rehearing in that case had run. Because the trial in the present case preceded that date, Hill cannot reap the benefits of Coney.[2] We approve the result in Hill on this issue.[3]
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ„ concur.

. In Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert, denied, - U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), this Court held that “[l]he defendant has a right to be physically present at the immediate site where pretrial jury challenges are exercised.”

. We noted in Coney: "Our ruling today clarifying this issue is prospective only.” Id. at 1013.

. Because Coney is inapplicable to this case, the district court’s second certified question is moot:
If a Coney issue is not preserved at trial, must a prisoner file a postconviction motion alleging under oath that he or she would not have exercised peremptory challenges in the same manner as his or her attorney?
Hill v. State, 696 So.2d at 799.