PER CURIAM.
Anthony Lopez appeals the final judgment and sentence after he was adjudicated guilty of robbery with a firearm and sentenced as a habitual violent felony offender. We affirm, but remand to correct a scrivener’s error.
Lopez contends that he is entitled to a new trial based on the trial court’s failure to determine if he knowingly and voluntarily waived his right to be present at the bench where pretrial juror challenges were exercised in accordance with Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, 516 U.S. 921, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). Lopez was tried on September 11 and 12, 1995, five months after the supreme court denied rehearing in Coney; therefore, Coney is applicable to this case. See Boyett v. State, 688 So.2d 308, 310 (Fla.1996). The record supports Lopez’s contention; however, defense counsel did not object to' his absence. This court has determined that “failure to obtain a Coney waiver cannot be raised on direct appeal without an objection made on the same grounds at trial.” Lee v. State, 695 So.2d 1314, 1315 (Fla. 2d DCA 1997) (proper vehicle to raise this unpre-served error is by posteonvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850).
We, therefore, affirm Lopez’s judgment and sentence. We acknowledge interdistrict conflict[1] on this issue and certify to the Florida Supreme Court the same question previously certified in Lee, 695 So.2d at 1315:
IF A CONEY ISSUE IS NOT PRESERVED AT TRIAL, MUST A PRISONER FILE A POSTCONVICTION MOTION ALLEGING UNDER OATH THAT HE OR SHE WOULD NOT HAVE EXERCISED PEREMPTORY CHALLENGES IN THE SAME MANNER AS HIS OR HER ATTORNEY?
Finally, we note that the sentencing form in the record does not indicate that Lopez was to receive a fifteen-year minimum mandatory term as part of his habitual violent felony offender life sentence. Accordingly, we remand with instructions to the trial court to correct the written sentence to reflect the fifteen-year minimum mandatory provision as imposed by the trial court at sentencing. See Williams v. State, 654 So.2d 1271 (Fla. 2d DCA 1995).
Affirmed. Remanded to the trial court to correct the written sentence.
PARKER, C.J., and PATTERSON and ' BLUE, JJ., concur.

. See Butler v. State, 676 So.2d 1034 (Fla. 1st DCA 1996); Wilson v. State, 680 So.2d 592 (Fla. 3d DCA 1996), dismissed, 693 So.2d 33 (Fla. 1997); Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), review granted, 694 So.2d 739 (Fla.1997).