PER CURIAM.
William Darden was found guilty by a jury in May, 1996 and convicted of burglary of a dwelling, burglary of a conveyance, possession of burglary tools and felony petit theft.
Darden was not present during a sidebar conference concerning the selection of jurors. His attorney exercised two peremptory strikes and asked to dismiss one juror for cause. The record does not reflect whether Darden was consulted about any of the juror challenges or whether he acquiesced in his counsel’s challenges.
We vacate the convictions because we are bound by our previous decision of August 5, *100 1997, in Anderson v. State, 697 So.2d 878 (Fla. 5th DCA 1997), that followed Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). In so doing, we certify conflict with the second district'.
In July of this year, two panels of the second district aligned themselves with a position first asserted by Judge Altenbernd in his concurring opinion in Hill v. State, 696 So.2d 798 (Fla. 2d DCA 1997), affirmed, 700 So.2d 646 (Fla.1997). See, Lee v. State, 695 So.2d 1314 (Fla. 2d DCA 1997), rev. granted, 697 So.2d 942 (1997); Neal v. State, 697 So.2d 941 (Fla. 2d DCA), rev. granted, 701 So.2d 868 (Fla.1997). The second district has declared that a Coney error cannot be raised on direct appeal without an objection having been made on the same grounds at trial. The decision in Anderson aligned this court with the first, third and fourth districts, which have expressly found that a failure to obtain a Coney waiver constitutes fundamental error.[1]
We vacate the judgments and sentences and remand for a new trial.
JUDGMENTS VACATED; REMANDED.
GOSHORN and PETERSON, JJ., concur.
HARRIS, J., dissents without opinion.

. Of the cases finding such error, the supreme court has granted review to Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), rev. granted, 694 So.2d 739 (Fla.1997).