SHAW, Justice.
We have for review Neal v. State, 697 So.2d 941 (Fla. 2d DCA 1997), based on conflict with Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), quashed, 713 So.2d 1005 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result in Neal as explained below.
Isiaih Neal was charged with second-degree murder. Following voir dire, the jury was selected at a bench conference on June 7, 1995, where several juror challenges were exercised. Although Neal was present in the courtroom, the record fails to show that he was at the bench during the juror challenges. He was convicted of manslaughter and the district court affirmed. He now claims that he is entitled to a new trial because he was not present at the bench when the jury was selected. We disagree.
This Court in Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), ruled that under our then-current rules of procedure, the defendant had a right to be present at the bench when pretrial juror challenges were exer *1003 cised.[1] We- recently held in Carmichael v. State, 715 So.2d 247 (Fla.1998), that the defendant must timely raise this issue. In the present case, although Neal was present in the courtroom when the jury was selected, the record fails to show that either he or his lawyer expressed any interest in Neal being present at the bench. We note that our decision in Coney had been issued months earlier, giving Neal ample notice of the existence of this right. We find no error.
We approve the result in Neal as explained above.
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
HARDING, C.J., dissents with an opinion, in which ANSTEAD, J., concurs.

. Coney has since been superseded. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995).”). Coney is applicable only to those cases falling within a narrow window — i.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the corrective amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.