SHAW, Justice.
We have for review Lee v. State, 695 So.2d 1314 (Fla. 2d DCA 1997), based on conflict with Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), quashed, 713 So.2d 1005 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result in Lee as explained below.
Timothy Lee was charged with the following offenses: escape while being transported, battery on a law enforcement officer, obstructing an officer with violence, possession of marijuana, possession of drug paraphernalia, and two counts of possession of cocaine. During voir dire on November 15, 1995, defense counsel exercised several juror challenges at the bench. Although Lee was present in the courtroom, the record fails to show that he was at the bench during the juror challenges. He was convicted as charged and the district court affirmed.[1] He now claims that he is entitled to a new trial because he was not present at the bench when the jury was selected. We disagree.
This Court in Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), ruled that under our then-current rules of procedure, the defendant had a right to be present at the bench when pretrial juror challenges were exercised.[2] We have now held in Carmichael v. State, 715 So.2d 247 (Fla.1998), that the defendant must timely raise this issue. In the present case, although Lee was present in the courtroom when the jury was selected, the record fails to show that either he or his lawyer expressed any interest in Lee being present at the bench. We note that our decision in Coney had been issued months earlier, giving Lee ample notice of the existence of this right. We find no error.
We approve the result in Lee as explained above.[3]
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
HARDING, C.J., dissents with an opinion, in which ANSTEAD, J., concurs.

. The district court recognized conflict with other district courts that have held a Coney error to be fundamental error. The district court certified the following question:
If a Coney issue is not preserved at trial, must a prisoner file a postconviction motion alleging under oath that he or she would not have exercised peremptory challenges in the same manner as his or her attorney?
Lee, 695 So.2d at 1315. This question is rendered moot by our decision in Carmichael, wherein we held that in order to be cognizable on review a Coney claim must be timely raised with the trial court.

. Coney has since been superseded. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995).). Coney is applicable only to those cases falling within a narrow window — i.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the corrective amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.

. We decline to address the other issues raised by Lee.