' SHAW, Justice.
We have for review Darden v. State, 705 So.2d 99 (Fla. 5th DCA 1998), based on conflict with Carmichael v. State, 715 So.2d 247, 23 Fla. L. Weekly S377 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Darden.
William Darden was charged with burglary of a dwelling, burglary of a conveyance, possession of burglary tools, and felony petit theft. Following voir dire, the jury was selected at a bench conference on May 13, 1996, where several juror challenges were exercised. Although Darden was present in the courtroom during jury selection, the record fails to show that he was present at the bench. He was convicted as charged and the district court reversed because he was not present at the bench during jury selection. The State argues that the trial court did not err in selecting the jury. We agree.
This Court in Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), ruled that under our then-current rules of procedure, the defendant had a right to be present at the bench when pretrial juror challenges were exercised.[1] We recently held in Carmichael v. State, 715 So.2d 247, 23 Fla. L. Weekly S377 (Fla.1998), that the defendant must timely raise this issue. In the present case, although Darden was present in the courtroom when the jury was selected, the record fails to show that either he or his lawyer expressed any interest in Darden being present at the bench. We note that our decision in Coney had been issued a year earlier, giving Darden ample notice of the existence of this right. We find no error.
We quash Darden.
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
*1001 PARIENTE, J., concurs with an opinion.
HARDING, C.J., dissents -with an opinion, in which ANSTEAD, J., concurs.

. Coney has since been superseded. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995).”). Coney is applicable only to those cases falling within a narrow window — i.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the corrective amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.