SHAW, Justice.
We have for review Lopez v. State, 707 So.2d 770 (Fla. 2d DCA 1998), based on conflict with Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result in Lopez as explained below.
Anthony Lopez was charged with robbery with a firearm. During voir dire on September 11, 1995, defense counsel exercised several juror challenges at the bench. Although Lopez was not present at the bench during the strikes, he was seated in the courtroom and had conferred with his lawyer immediately before the strikes were made. He was convicted of armed robbery and the district court affirmed.[1] He now claims that he is *755 entitled to a new trial because he was not present at the bench when the jury was selected. We disagree.
This Court in Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), ruled that under our then-current rules of procedure, the defendant had a right to be present at the bench when pretrial juror challenges were exercised.[2] We recently held in Carmichael v. State, 715 So.2d 247, 23 Fla. L. Weekly S377 (Fla.1998), that the defendant must timely raise this issue. In the present case, although Lopez was present in the courtroom when the jury was selected, the record fails to show that either he or his lawyer expressed any interest in Lopez being present at the bench. We note that our decision in Coney had been issued months earlier, giving Lopez ample notice of the existence of this right. We find no error.
We approve the result in Lopez on this issue as explained above.[3]
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
PARIENTE, J., concurs with an opinion.
HARDING, C.J., dissents with an opinion, in which ANSTEAD, J., concurs.

. The district court recognized conflict with other district courts that have held a Coney error to be fundamental error. The district court certified the following question:
*755 If a Coney issue is not preserved at trial, must a prisoner file a postconviction motion alleging under oath that he or she would not have exercised peremptory challenges in the same manner as his or her attorney?
Lopez, 707 So.2d at 771. This question is rendered moot by our decision in Carmichael v. State, 715 So.2d 247, 23 Fla. L. Weekly S377 (Fla.1998), wherein we held that in order to be cognizable on review a Coney claim must be timely raised with the trial court.

. Coney has since been superseded. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995).’’). Coney is applicable only to those cases falling within a narrow window — i.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the corrective amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.

. We decline to address the other issues raised by Lopez.