PER CURIAM.
Timothy Led appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Lee alleges that his trial counsel was ineffective for failing to inform him of his right to be physically present at bench conferences during which pretrial juror challenges were exercised and for failing to object to Lee’s exclusion therefrom. We reverse as to this issue only. Lee’s other claim is without merit.
The jury selection in Lee’s case occurred on November 15, 1995. He, therefore, had a right to be physically present at bench conferences during which *540 peremptory juror challenges were exercised. See Coney v. State, 653 So.2d 1009 (Fla.1995).[1] Lee alleges that he was not in fact present at such conferences; that counsel did not object to his exclusion, nor inform him of his right to be present; and that the trial court did not obtain an affirmative waiver of his presence as required by Coney. Lee attempted to raise this issue on direct appeal, but this court found that the error was not preserved because neither Lee nor his counsel lodged an objection or requested that Lee be present during the bench conferences. See Lee v. State, 695 So.2d 1314 (Fla. 2d DCA 1997), approved, 713 So.2d 1003 (Fla.1998). This court held that the unpreserved error could only be raised in a postconviction motion alleging ineffective assistance of counsel. See id. Lee has now done so.
In addition to the above allegations, Lee also states that he would have exercised the peremptory challenges differently than did his counsel. He names two jurors that he would not have used peremptory strikes against, as well as two jurors that he would have. This court has previously suggested that, in order to make a facially sufficient claim of ineffective assistance of counsel on these grounds, the defendant would need to allege that he or she would not have exercised the peremptory challenges in the same manner as counsel did. See Lopez v. State, 707 So.2d 770 (Fla. 2d DCA 1998) (certifying to supreme court question of whether a prisoner must file a postconviction motion alleging under oath that he or she would not have exercised peremptory challenges in the same manner as his or her attorney in order to obtain relief for - an unpreserved Coney error), approved, 718 So.2d 754 (Fla.1998); see also Hill v. State, 696 So.2d 798 (Fla. 2d DCA 1997) (Altenbernd, J., concurring) (concluding that a criminal defendant would have to allege and prove that he would have affected the make-up of the jury if he or she had been allowed to be physically present at the bench conference in order to obtain relief from an unpre-served Coney error), approved, Hill v. State, 700 So.2d 646 (Fla.1997).
We hold that an allegation that counsel was ineffective for failing to object to a Coney violation constitutes a facially sufficient basis for relief under rule 3.850 if the defendant alleges that he or she was not present at bench conferences during which peremptory juror strikes were exercised; that counsel did not object to the defendant’s exclusion from such conferences; that defendant did not make a valid Coney waiver; and that had the defendant been present, he or she would not have exercised the peremptory challenges in the same manner as counsel did.
Lee’s motion is facially sufficient. We, therefore, reverse and remand for an evi-dentiary hearing on this issue only.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.

. Coney v. State, 653 So.2d 1009 (Fla.1995), is applicable only to those cases where jury selection took place after April 27, 1995, and before January 1, 1997. See Lee v. State, 713 So.2d 1003, 1004 n. 2 (Fla.1998).