746 So.2d 559 (1999)
William Earl HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1118.
District Court of Appeal of Florida, First District.
December 14, 1999.
*560 Nancy A. Daniels, Public Defender; Robert Friedman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Terri Leon-Benner, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
William Earl Hunt appeals his conviction for armed robbery on grounds the trial court erred in allowing the jury access, while it viewed a video tape, to copies of a transcript of voices recorded on the tape; and by permitting the prosecutor to read from a copy of the same transcript during closing argument. Under the circumstances, we find no error and affirm.
Mr. Hunt was convicted of robbing a convenience store at gunpoint. During the robbery, a surveillance apparatus captured pertinent sounds as well as video images on tape. A week before trial, informed the state had caused the audio portion to be transcribed, the defense objected to any use of the transcript at trial.
After viewing the video tape, the trial court found it hard, without the transcript, to ascertain who was speaking and what was being said, even after "crank[ing] the volume up." The court reporter had difficulty transcribing the tape. See Wilson v. State, 680 So.2d 592, 594 (Fla. 3d DCA 1996). The trial court ruled that the state could distribute copies of the transcript, *561 subject to their authentication, to the jury for use while the video tape was exhibited, but that the transcript could not come in evidence. The state has not taken a cross appeal from the ruling that the transcript was inadmissible as evidence.
A transcript of a sound recording can be authenticated either by someone with personal knowledge of what has been transcribed or by a witness with expertise in deciphering "inaudible" recordings. See id. ("[N]either a written nor oral interpretation of the inaudible portions of the tape recording is admissible unless such interpretation is properly authenticated by a person having personal knowledge of the contents of the tape recording or by an expert witness skilled in interpreting inaudible tape recordings."); Harris v. State, 619 So.2d 340, 342 (Fla. 1st DCA 1993).
At trial here, the convenience store's manager, Jancino Chavez, testified that he and two other store employees were present when the store was robbed. He testified he knew the other employees' voices and that the transcript was accurate:
Q. And have you previously reviewed... this video with that transcript?
A. Yes, ma'am.
Q. How many times?
A. About four or five times at least.
Q. And did you look at the phrases that are on that transcript and compare them to what's on this tape?
A. They were accurate ma'am.
Q. Were they a fair and accurate depiction of what was spoken on September 22nd, 1998?
A. Yes. ma'am.
Q. Additionally, you testified that you know [the other employees'] voices. Did you compare the voices on this tape with how it's placed on that transcript to the words?
A. Yes, ma'am.
Q. And was it a fair and accurate representation of who spoke the phrases?
A. Yes, ma'am.
Only after the trial court then instructed the jury that the transcript was not evidence and would not be available in the jury room, did the bailiff distribute copies of the transcript to the jury for use while the video tape was played.
Mr. Hunt complains that Mr. Chavez did not (as far as the record shows) personally prepare the transcript. Cf. Duggan v. State, 189 So.2d 890, 892 (Fla. 1st DCA 1966). But there is no requirement that the person who prepares the transcript also authenticate it. See Allen v. State, 492 So.2d 802, 803 (Fla. 1st DCA 1986). As long as a witness to events persuaded the trial court that the transcript fairly and accurately depicted what was said, the transcript was duly authenticated.
Mr. Chavez vouched for the transcript's accuracy based on his personal knowledge of the events depicted on the video tape. See Loren v. State, 518 So.2d 342, 347 (Fla. 1st DCA 1987); Golden v. State, 429 So.2d 45, 50 (Fla. 1st DCA 1983). Mr. Hunt does not contest the accuracy of the transcript. See Hill v. State, 549 So.2d 179, 182 (Fla.1989). Section 90.901, Florida Statutes (1997) provides simply:
Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
The testimony of a single, persuasive witness is sufficient even when the question is admissibility. The state did not need to bring in every person present during the commission of the crime in order to authenticate the transcript. We reject the contention that Mr. Chavez's testimony was not enough.
The trial court did not abuse its discretion in permitting use of the transcript as an aid to understanding the contents *562 of the tape. See Hill, 549 So.2d at 182; Loren, 518 So.2d at 347-48. Nothing in the present case required that "the jury... be left to contend with authentic tape recordings that are difficult to understand without the sense of sight or some other aid to understanding." Golden, 429 So.2d at 50. The trial court informed the jury that the tape rather than the transcript was the evidence that they were to consider, and emphasized this by explaining to the jury that it would have access to the tape but not the transcript during deliberations. The trial court thus ensured that the jury used the transcript as a demonstrative aid rather than relying on it as the best evidence of what was said. See id.
The jury's copies of the transcripts were used only while the video tape was played. The copies were collected immediately thereafter. The transcript did not become a focal point at trial, see Hill, 549 So.2d at 182, or the means of overemphasizing certain evidence. See Taylor v. State, 508 So.2d 1265, 1266 (Fla. 1st DCA 1987); Golden, 429 So.2d at 53. Playing of the video tape took up about two pages of the record of the trial proceedings.
Finally, appellant contends it was error for the state to read from a copy of the transcript during closing argument, because the transcript was not admitted into evidence. But the trial court found that the jury had no reason to believe that the state was using the transcript, which was indistinguishable in appearance from other notes the state relied upon during closing.
Affirmed.
ALLEN and BROWNING, JJ., CONCUR.