PER CURIAM.
James B. Shingleton appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Shingleton states two facially sufficient claims that are not refuted by the attachments to the trial court’s order, we reverse the order in connection with those two claims and affirm the order as to the remaining claim.
Shingleton was convicted of capital sexual battery in 1996, and his conviction and sentence were affirmed on appeal. Shingleton claims that, prior to trial, his attorney informed him that the State had offered to let him plead to attempted capital sexual battery and receive a forty-year sentence. According to Shingleton, his attorney advised him that if he went to trial and was convicted, he would be eligible for release after serving twenty-five years of the life sentence for capital battery, and he would probably have to serve slightly more time if he accepted a forty-year sentence.
In 1995, section 775.082(1), Florida Statutes (1995), was amended to eliminate the possibility of any sort of early release on a conviction for capital sexual battery. Consequently, if Shingleton refused a forty-year sentence on the erroneous belief, based on advice of counsel, that a life sentence would potentially call for less prison time, his counsel was ineffective for not accurately informing him of the consequences of his decision.
The trial court found that Shingleton had not proven prejudice because Shingle-ton knew that the potential for release after serving twenty-five years did not guarantee that he would be released. However, the difference between a sentence with no possibility of release and a sentence with even a remote possibility of release after twenty-five years is obvious and prejudicial. If events occurred as described by Shingleton, he is entitled to relief on this claim. See Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999)(finding appellant stated facially sufficient claim alleging that counsel provided inaccurate advice concerning potential sentence and other matters).
Shingleton also alleges that his counsel failed to advise him that he would be classified as a sexual predator even if convicted. However, Shingleton would have been classified as a sexual predator if he had pleaded to attempted capital sexual battery. See Johnson v. State, 716 So.2d 332 (Fla. 2d DCA 1998). Therefore, this claim is without merit.
Shingleton’s last claim is that he was not given the opportunity to be present at a bench conference during voir dire in which the court and counsel discussed a juror who expressed a problem with Shin-gleton’s charges because the juror and her daughter had been the victims of an ab *715 duction and assault.[1] This juror, according to Shingleton, was chosen as the foreperson of the jury. He states that he would have instructed his counsel to strike this juror had he known that the assault to which she referred was a sexual battery.
The trial court addressed this claim by attaching the transcript of the bench conference during which counsel made their peremptory challenges with Shingleton present. However, this portion of the transcript does not address whether Shin-gleton waived his presence or was present during the earlier bench conference. This claim must be evaluated in regard to the specific incident described by Shingleton and, if his recitation is accurate, the trial court must then determine whether Shin-gleton’s absence from the bench conference was prejudicial to the point that it affected the outcome of the trial. See Lee v. State, 744 So.2d 539 (Fla. 2d DCA 1999).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and FULMER and DAVIS, JJ., Concur.

. Shingleton was tried in 1996, within the applicable period of Coney v. State, 653 So.2d 1009 (Fla.1995), which held that a defendant has the right to be present at bench conferences when challenges to prospective jurors are discussed.