688 So.2d 308 (1996)
Matthew Dale BOYETT, Appellant,
v.
STATE of Florida, Appellee.
No. 81971.
Supreme Court of Florida.
December 5, 1996.
Rehearing Denied February 19, 1997.
Nancy A. Daniels, Public Defender and W.C. McLain, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Appellant
Robert A. Butterworth, Attorney General and Gypsy Bailey, Assistant Attorney General, Tallahassee, Florida, for Appellee
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Matthew Dale Boyett. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Boyett was convicted of first-degree murder and burglary of a dwelling. The trial judge overrode the jury's life recommendation and imposed the death penalty. For the reasons set forth below, we affirm Boyett's conviction, but reverse his death sentence.
On August 5, 1992, Boyett shot and fatally wounded the victim, Bill Hyter, while attempting to rob him in his home. Boyett was acquainted with the victim and had visited his home frequently. On several occasions the victim had made sexual advances to Boyett. Boyett was upset by this and rebuffed the victim. On at least one occasion, the victim attempted to engage in sexual activity with Boyett while Boyett was passed out. There was a violent confrontation. Approximately six weeks before the shooting, Boyett told the victim he would kill him if he did not stop making sexual advances. He stopped associating with the victim.
Several days before the shooting, when Boyett and a teenage friend were driving past the victim's house, Boyett told his friend that he was going to shoot and rob the occupant of the house. Boyett later showed his friend a pistol; explained his plan for *309 robbing and shooting the victim; and asked his friend to help him execute it. His friend declined and would later serve as a state witness against Boyett.
On the day of the murder, Boyett entered the victim's home, attempted to rob him, and shot him twice. Boyett stated that he fired his pistol when the victim picked up a baseball bat. The victim was wounded and fled through the front door. He told neighbors and emergency personnel that Boyett was his attacker. He died in the hospital a short time later.
When arrested, Boyett admitted to law enforcement officers that he had shot the victim. He also told them where to find the gun.
Boyett was charged with first-degree murder, predicated on premeditation or a felony murder theory, and burglary of a dwelling. Testimony presented at trial included evidence of the serious emotional trauma Boyett had undergone as a result of his broken family life, evidence of prior instances when Boyett had been sexually molested by other men, and expert testimony as to the mental problems incidents such as those in Boyett's past would cause.
The jury returned a guilty verdict as to both the murder and the burglary charges, but did not specify on which theory the murder verdict was based. The jury recommended a life sentence, but the circuit judge overrode and imposed the death penalty for the murder, as well as eight years imprisonment for the burglary.
The judge found two aggravating circumstances present, "cold, calculated, and premeditated" (CCP) and "committed in the course of a burglary" and specifically rejected statutory mitigating circumstances. He did find that the evidence supported five non-statutory mitigating circumstances: 1) Boyett suffered from long-term substance abuse, 2) he was sexually abused as a child, 3) he exhibited good behavior while in custody, 4) he suffered remorse for the killing, and 5) he had an unstable, broken family life. The judge found that only factors 2 and 5 deserved substantial weight.
Boyett appealed the conviction and sentence to this Court, raising one guilt phase issue and five penalty phase issues. He argues that there was 1) error because he was not present at the site where peremptory challenges to prospective jurors were exercised, 2) error in finding the CCP aggravator, 3) error in failing to find or properly consider statutory and nonstatutory mitigators, 4) error in overriding the jury's recommended life sentence when there were mitigators on which it could reasonably have relied, and 5) error in allowing the state's sentencing memorandum to be filed late. Additionally, although he does not raise the issue, we have reviewed the record to ensure that there was competent and substantial evidence presented at trial to sustain his convictions for both first-degree murder and burglary.
We find that Boyett's guilt phase issue is without merit. The record reflects that Boyett was present in the courtroom, but not at the bench, when peremptory challenges were exercised. Boyett argues that our decision in Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), should apply to him insofar as it requires that a defendant be present at the actual site where jury challenges are exercised. Although in that case we explicitly stated that our ruling was to be prospective only, Boyett argues that he should be entitled to the same relief because his case was not final when the opinion issued, or, in the alternative, that the rule announced in Coney was actually not new, and thus should dictate the same result in his case. We reject both of these arguments.
In Coney, we interpreted the definition of "presence" as used in Florida Rule of Criminal Procedure 3.180. We expanded our analysis from Francis v. State, 413 So.2d 1175 (Fla.1982), which concerned both a defendant whose right to be present had been unlawfully waived by defense counsel, and a jury selection process which took place in a different room than the one where the defendant was located. In Coney, we held for the first time that a defendant has a right under rule 3.180 to be physically present at the immediate *310 site where challenges are exercised. See Coney, 653 So.2d at 1013. Thus, we find Boyett's argument on this issue to be without merit.[1]
Boyett's second Coney argument that the rule of that case should apply because Boyett's case was non-final when the decision issuedis also without merit. In Coney, we expressly held that "our ruling today clarifying this issue is prospective only." Coney, 653 So.2d at 1013. Unless we explicitly state otherwise, a rule of law which is to be given prospective application does not apply to those cases which have been tried before the rule is announced. See Armstrong v. State, 642 So.2d 730, at 737-38 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1799, 131 L.Ed.2d 726 (1995). Because Boyett had already been tried when Coney issued, Coney does not apply.
We recognize that in Coney we applied the new definition of "presence" to the defendant in that case: the state conceded that the defendant's absence from the immediate site where challenges were held was error, and we found that the error was nonetheless harmless. Coney, 653 So.2d at 1013. It was incorrect for us to accept the state's concession of error. Because the definition of "presence" had not yet been clarified, there was no error in failing to ensure Coney was at the immediate site. Although the result in Coney would have been the same whether we found no error or harmless error, we recede from Coney to the extent that we held the new definition of "presence" applicable to Coney himself.
As to Boyett's penalty phase arguments, we agree that the trial judge's override of the jury recommendation was improper. The standard we announced in Tedder guides our analysis: "In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." Tedder v. State, 322 So.2d 908, 910 (Fla.1975). We expanded on this in Ferry:
The principle announced in Tedder ... has been consistently interpreted by this Court to mean that when there is a reasonable basis in the record to support a jury's recommendation of life, an override is improper. When there are valid mitigating factors discernible from the record upon which the jury could have based its recommendation an override may not be warranted.
Ferry v. State, 507 So.2d 1373, 1376 (Fla. 1987) (citation omitted).
Here there is mitigating evidence in the record upon which the jury reasonably could have relied in recommending life. This evidence includes Boyett's age (18 at the time of the incident); past history of sexual abuse; ongoing, significant emotional and psychological problems; traumatic family life; history of drug abuse; past relationship with the victim; remorse; and cooperation with law enforcement officials. The jury reasonably could have viewed this evidence as valid mitigation which would support a life recommendation. See, e.g., Esty v. State, 642 So.2d 1074, 1080 (Fla.1994) (holding that override was improper where evidence supported "heinous, atrocious, or cruel" and "cold, calculated, and premeditated" aggravators, but also supported mitigation including youth, lack of criminal history, potential for rehabilitation, and possibility that defendant acted in an emotional rage), cert. denied, ___ U.S. ___, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995). In light of this evidence, we find that there was a reasonable basis for the jury's recommendation. Therefore, we reverse the override.
Because we find that the override was improper, we do not need to address the other penalty phase issues raised by Boyett.
Accordingly, we affirm Boyett's convictions for first-degree murder and burglary, vacate his death sentence, and remand for imposition *311 of sentence of life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
OVERTON, GRIMES, HARDING and WELLS, JJ., concur.
KOGAN, C.J., and ANSTEAD, J., concur in result only as to the convictions and concur as to the sentence.
SHAW, J., concurs in result only.
NOTES
[1] Although it does not change our analysis in this case, we note that we have recently approved an amendment to rule 3.180(b) which will provide a clearer standard by which to resolve such issues in the future. The rule will now read: "A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed." Amendments to the Florida Rules of Criminal Procedure, No. 87,769. slip op. at 2 (Fla. Nov. 27, 1996).