PER CURIAM.
We have for review a decision certifying the following question to be of great public importance:
DOES THE DECISION IN [CONEY V. STATE,] 653 So.2d 1009 (Fla.1995), APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME [CONEY] WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
Caldwell v. State, 676 So.2d 44, 45 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answered this question in Boyett v. State, 688 So.2d 308 (Fla.1996). We acknowledged there that we had incorrectly accepted the State’s concession that not allowing Coney to be present at the immediate site of juror challenges was error. Id. at 310; see Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert. denied, — U.S. — , 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). In Boyett we wrote, “In Coney, we held for the first time that a defendant has a right under [Florida Rule of Criminal Procedure] 3.180 to be physically present at the immediate site where challenges are exercised.” Boyett at 309-10. We therefore receded from that part of Coney where we applied the new definition of “presence” to Coney himself. The result of Coney remained unchanged, however, since we had found the error harmless. We went on to address prospective application:
In Coney, we expressly held that “our ruling today clarifying this issue is prospective only.” Unless we explicitly state otherwise, a rule of law which is to be given prospective application does not apply to those cases which have been tried before the rule is announced. Because Boyett had already been tried when Coney issued, Coney does not apply.
Boyett at 310 (citations omitted).
Accordingly, we answer the certified question in the negative and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.