686 So.2d 1361 (1996)
James D. GANYARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1536.
District Court of Appeal of Florida, First District.
December 30, 1996.
Rehearing Denied February 7, 1997.
*1362 Nancy A. Daniels, Public Defender, and Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, Tallahassee, for Appellee.

CRIMINAL DIVISION EN BANC
ALLEN, Judge.
Having considered the various arguments presented by the appellant in this direct criminal appeal, we affirm his conviction. Only his argument pursuant to Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), requires discussion. We conclude that although error was committed when the appellant was not present during the prosecution's exercise of challenges for cause, the error was harmless. We further conclude that there was no error by virtue of the fact that the appellant was absent when his counsel might have exercised peremptory challenges but failed to do so.
In Coney, the supreme court clarified the intent behind Florida Rule of Criminal Procedure 3.180(a)(4), which states that "[i]n all prosecutions for crime the defendant shall be present ... at the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury." The court held that unless the defendant waives his presence or ratifies the strikes made outside his presence, he has the right to be physically present at the immediate site where pretrial juror challenges are exercised. The court held further that a violation of the rule as interpreted is subject to a harmless error analysis.
The appellant was not physically present at the bench conference during which jury challenges were exercised in the present case, and he never waived his presence or ratified the strikes made outside his presence. The rule, as interpreted in Coney, was therefore violated. Nevertheless, the error was harmless.
Only the prosecution exercised peremptory challenges in the present case. The appellant was not prejudiced by his absence from the bench when these challenges were exercised because the challenges were within the discretion of the prosecutor.
The appellant argues, however, that there was harmful error because of his absence when his counsel might have exercised peremptory challenges. But there was no error at all in this regard because the court in Coney did not hold that a defendant has a right to be physically present whenever peremptory challenges might be exercised. The court held that a defendant has a right to be present only when peremptory challenges "are exercised."
The Coney court indicated that a defendant's absence from a bench conference at which peremptories are exercised is permissible where the defendant has expressed his "approval of the strikes" and willingness to "ratify strikes." The court made no mention of any obligation to secure a defendant's ratification of a decision not to exercise available peremptories, thus indicating that a defendant has no right to be present when defense counsel declines to exercise available peremptories.
Further, the Coney court found no basis for reversal due to Coney's absence from the bench conference therein where only challenges for cause were exercised. Peremptories presumably could have been exercised during the bench conference, but, observing that none were actually exercised, the court concluded that there was no basis for reversal.
Because the defense exercised no peremptories in the present case, there is no basis for reversal. However, we certify to the supreme court the following question of great public importance:
DOES CONEY V. STATE, 653 So.2d 1009 (Fla.), CERT. DENIED, ___ U.S. ___, 116 S.CT. 315, 133 L.ED.2D 218 (1995), PROVIDE A BASIS FOR REVERSAL OF A CONVICTION WHEN THE DEFENDANT'S *1363 COUNSEL EXERCISED NO PEREMPTORY CHALLANGES?
The appellant's conviction is affirmed.
MINER, J., concurs.
LAWRENCE, J., specially concurs with written opinion.
WEBSTER, J., dissents with written opinion.
MICKLE, J., joins in WEBSTER, J.'s dissent.
LAWRENCE, Judge, specially concurring.
I concur with the majority opinion affirming Ganyard's conviction for sexual battery. I write only to address any suggestion in the dissenting opinion that Florida Rule of Criminal Procedure 3.180(a)(4) is the only significant safeguard to a defendant's meaningful participation in jury selection.
It has long been the obligation of counsel for a criminal defendant to consult with and inform his client regarding the right to meaningful input in the jury-selection process. See R. Regulating Fla. Bar 4-1.2(a) ("A lawyer shall abide by a client's decisions concerning the objectives of representation... and shall consult with the client as to the means by which they are to be pursued."); R. Regulating Fla. Bar 4-1.4(b) ("Duty to Explain Matters to Client. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."). If an attorney fails to do so during the course of the trial, a defendant may call such failure to the attention of the trial judge for redress. If a defendant is unaware of his right in this regard, he also may obtain relief in postconviction proceedings. Fla. R.Crim. P. 3.850. Apparently these lesser safeguards worked remarkably well during the fifteen-year pre-Coney period[1]claims for relief on this issue during this period were uncommon, both during trial and in postconviction proceedings. The position taken in the dissent would unduly narrow the supreme court's harmless error analysis, beyond what is required to safeguard a defendant's right to have meaningful participation in jury selection.
I accordingly conclude that the Coney court wisely adopted a more liberal harmless error standard than the narrow approach urged by the dissent. I concur with the majority for this reason, as well as for the reasons expressed in its opinion.
WEBSTER, Judge, dissenting.
The majority holds that a Coney[2] error occurred only because appellant was not physically present at the immediate site where the state exercised peremptory challenges, and he did not waive his presence. However, that error was harmless because appellant could not have provided any meaningful input regarding the exercise of those challenges by the state. I agree that any Coney error that occurred because of appellant's absence during the exercise of challenges by the state was harmless. Nevertheless, I would reverse and remand for a new trial because I do not believe that the rule announced in Coney requires that peremptory challenges actually be exercised by a defendant's counsel as a condition to its applicability, and I am unable to conclude that appellant's absence when his counsel decided not to exercise any peremptory challenges was harmless beyond a reasonable doubt. Accordingly, respectfully, I dissent.
As noted by the majority, in Coney, the supreme court purported to "clarify" the intent behind Florida Rule of Criminal Procedure *1364 3.180(a)(4), which states that, "[i]n all prosecutions for crime[,] the defendant shall be present ... at the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury"; and its previous decision in Francis v. State, 413 So.2d 1175 (Fla.1982). In Coney, the court held:
The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised. See Francis. Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made. See State v. Melendez, 244 So.2d 137 (Fla.1971). Again, the court must certify the defendant's approval of the strikes through proper inquiry.
653 So.2d at 1013. The court held, further, that a violation of rule 3.180(a)(4), as interpreted, is subject to a harmless error analysis. Id.
In Mr. Coney's case, "[j]uror challenges... were exercised on two occasions: first, during a brief bench conference after prospective jurors had been polled concerning their willingness to impose death, and second, during a lengthy proceeding at the conclusion of voir dire." Id. Coney was absent only on the former occasion, when challenges for cause were exercised by the state and Coney's counsel. Id. Because Coney neither waived his presence at the bench conference nor ratified the challenges for cause exercised by his counsel, the court concluded that error had occurred. Id. However, because the challenges "`involved a legal issue toward which [Coney] would have had no basis for input,' i.e., the death qualifying of prospective jurors," the court concluded, further, that the error was harmless. Id. (citation omitted). From this, it seems to me relatively clear that Coney was absent only when Witherspoon[3] challenges were being exercised by counselhe was present at the immediate site where peremptory challenges (and, perhaps, cause challenges based on grounds other than views regarding the death penalty) were exercised. It seems to me, further, that the court concluded that Coney's absence from the site of the exercise of the Witherspoon challenges was harmless solely because it assumed that Coney could not have had any input regarding whether a particular Witherspoon challenge should be exercised. While one might disagree with the court's assumption that a defendant can never have any meaningful input to offer on the question of whether his counsel should exercise a particular challenge for cause in such circumstances, it seems to me that the majority reads far more into this portion of the court's opinion than was intended when it concludes that harmful error can occur only when the defendant's counsel actually exercises peremptory challenges in the defendant's absence.
The majority focuses narrowly on the words "are exercised" in the language from Coney that "[t]he defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised." 653 So.2d at 1013. In Francis v. State, 413 So.2d 1175, 1178-79 (Fla.1982), the court said that "[t]he exercise of peremptory challenges has been held to be essential to the fairness of a trial by jury and has been described as one of the most important rights secured to a defendant." In Mejia v. State, 675 So.2d 996, 1000 (Fla. 1st DCA), review pending, Case No. 88,684 (filed Aug. 6, 1996), we concluded "that the procedural rule set out in Coney is intended to ensure that a defendant's right to meaningful participation in decisions regarding the exercise of challenges, particularly peremptory challenges, is zealously protected." It seems to me that the majority's reading of the language regarding "the exercise" of challenges is unreasonably narrow. I find it much more plausible that, when the court used the phrase *1365 "[t]he exercise of peremptory challenges" in Francis, it intended to refer to the entire process by which one decides whether to exercise one or more peremptory challenges, rather than merely to the actual act of challenging a particular prospective juror. Likewise, I find it much more plausible that the court intended the same thing when it used similar language in Coney.
Frankly, I am unable to see the logic in a rule which is designed to protect a defendant's right to meaningful participation in decisions regarding the exercise of challenges, but would permit a finding of harmful error only when at least one peremptory challenge was exercised by a defendant's counsel. Surely, it is just as important that a defendant have an opportunity to offer input regarding the decision not to challenge any prospective jurors peremptorily as it is that a defendant have an opportunity to offer input regarding the decision to challenge a particular prospective juror peremptorily. In the latter case, it is clear that, if the defendant is not present at the immediate site where the challenge is made and has neither waived the right to be present nor subsequently ratified the challenge, Coney has been violated. Yet, according to the majority, in the former case, no Coney error occurs because defendant's counsel exercised no peremptory challenges, notwithstanding that the defendant was not present at the immediate site where the decision not to exercise any peremptory challenges was made by counsel, and neither waived the right to be present nor subsequently ratified counsel's decision. It seems to me that the fact that a challenge was made in one case but not in the other is a distinction without a difference if what we are concerned about is the defendant's right to meaningful participation in the decision.
It seems to me, further, that the same analysis holds with regard to challenges for cause. Assuming that the challenge is one regarding the exercise of which a defendant might offer meaningful input (such as, for instance, when the challenge is one which, for tactical reasons, might not be exercised even if available), I see no logical reason why Coney should not apply. It might well be that a defendant would prefer to have a particular prospective juror on the panel, given the alternatives, notwithstanding the availability of a challenge for cause. In such a case, application of Coney would ensure that the defendant would have an opportunity to inform counsel of his or her wishes.
In short, based upon my reading of Coney, it seems to me that the court intended the rule to apply during the entire process of challenging prospective jurors, to ensure that a defendant would have an opportunity to discuss possible challenges with counsel before a decision is made. More particularly, I believe that Coney was intended to apply to cases such as this one, notwithstanding the fact that appellant's counsel did not exercise any peremptory challenges. In my opinion, pursuant to Coney, absent a waiver or a subsequent ratification of his counsel's decision, appellant was entitled to be present at the bench conference during which his counsel decided not to exercise any peremptory challenges.
It is undisputed that appellant was not present at the bench conference during which challenges were discussed (and his counsel announced that he would not exercise any peremptory challenges), and that appellant neither waived his right to be present nor subsequently ratified his counsel's decision. Accordingly, I suggest that the only remaining question is whether the failure to follow Coney constituted harmful error. We discussed the appropriate harmless error analysis in Mejia v. State, 675 So.2d 996 (Fla. 1st DCA), review pending, Case No. 88,684 (filed Aug. 6, 1996). Applying that analysis to the facts of this case, I am unable to conclude "that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). There is nothing in this record to suggest that appellant was even aware of his right to participate in decisions regarding the exercise of peremptory challenges. It seems to me entirely plausible that, had appellant been present at the bench conference, he would have insisted that counsel *1366 excuse one or more prospective jurors. However, we shall never know because the procedure mandated by Coney was not followed.
This was not a case in which the evidence of guilt was overwhelming. Rather, the case was essentially a swearing match between appellant and his accuser. A different jury might well have reached a different verdict. As in Francis, 413 So.2d at 1179, I am unable to determine "the extent of prejudice, if any," appellant sustained as the result of not being present at the bench conference held for the purpose of permitting the exercise of peremptory challenges. Accordingly, as in Francis, I am unable to say, to the exclusion of all reasonable doubt, that the error was harmless. Therefore, I would reverse, and remand for a new trial. Because the majority affirms, I dissent.
NOTES
[1] For a history of events leading up to the Coney interpretation of Florida Rule of Criminal Procedure 3.180, see Justice Overton's concurring opinion in Coney v. State, 653 So.2d 1009, 1015-16 (Fla.) (Overton, J., concurring in result only), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218, (1995).
[2] Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995).
[3] Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).