PER CURIAM.
In this direct criminal appeal, appellant raises two issues. He claims (1) that he is entitled to a new trial because he was not present at a bench conference held to discuss jury challenges, and the record does not reflect that he waived his right to be present; and (2) that his consecutive habitual offender sentences must be vacated because they were imposed for offenses that arose out of a single criminal episode. We affirm appellant’s convictions. However, we vacate his sentences, and remand for resentencing.
The record reflects that appellant was present at the first of two bench conferences held to discuss jury challenges. During that conference, appellant’s counsel exercised all six of his available peremptory challenges. Appellant was not present at the second bench conference, during which the state exercised both a challenge for cause and peremptory challenges. Based upon our recent en bane decision in Ganyard v. State, 686 So.2d 1361 (Fla. 1st DCA 1996), we conclude that any error which occurred as a result of appellant’s absence from the second bench conference was harmless. In addition, we note that, although at the second bench conference appellant had one available peremptory challenge as to the alternate juror, that *962 challenge was not exercised, and the alternate selected did not participate in deliberations.
It is clear from the record that the two offenses of which appellant was convicted arose out of a single episode. Therefore, it was error to impose consecutive habitual offender sentences. Hale v. State, 630 So.2d 521 (Fla.1993). Accordingly, we vacate appellant’s sentences, and remand for the imposition of new sentences, consistent with applicable law.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
LAWRENCE and PADOVANO, JJ., concur.
WEBSTER, J., concurs in result only.