MICKLE, Judge.
Appellant challenges his conviction for felony DUI. We affirm the conviction and sentence in all respects and write only to address the single point which we believe warrants discussion. Relying on Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), appellant asserts he is entitled to a new trial because, although present in the courtroom during jury selection, he was not physically present at a bench conference during which *1142 jury challenges were exercised. The transcript of the voir dire proceedings reflects that, after the attorneys completed their questioning, the jury was selected at an unreported bench conference. As it was not apparent from the transcript of voir dire whether appellant was present at the bench conference, or whether he conferred with counsel when any peremptory challenges were exercised, this court permitted supplementation of the record with a reconstruction of the jury selection bench conference proceedings. The record was thereafter supplemented with an order of the trial judge finding that appellant was not physically present at the bench conference during the jury challenging procedures but that appellant was in the courtroom and had previously conferred with counsel prior to the challenging procedure.
Where defense counsel does not exercise any peremptory challenges, there is no basis for reversal under Coney. See Ganyard v. State, 686 So.2d 1361 (Fla. 1st DCA 1996). The burden is on appellant to establish the existence of reversible error. Mathis v. State, 683 So.2d 582 (Fla. 1st DCA 1996). Herein, the record fails to show that peremptory challenges were exercised by defense counsel. Hence, as in Mathis v. State, we hold that appellant has failed to carry his burden to establish the existence of reversible error by demonstrating, from the record, that he was not present at the bench conference during which peremptory challenges were exercised. See also Daniels v. State, 691 So.2d 1139 (Fla. 1st DCA 1997); McNabb v. State, 689 So.2d 371 (Fla. 1st DCA 1997)(Coney argument rejected where record is insufficient to show that peremptory challenges were exercised); Moore v. State, 685 So.2d 87 (Fla. 1st DCA 1996).
We decline to address the remaining issue raised by appellant as it was not presented to the trial court and was thus not preserved for appellate review.
AFFIRMED.
ALLEN and PADOYANO, JJ., concur.