SHAW, Judge.
We have for review Ganyard v. State, 686 So.2d 1361 (Fla. 1st DCA 1996), wherein the district court certified:
Does Coney v. State, 653 So.2d 1009 (Fla.1995), provide a basis for reversal of a conviction when the defendant’s counsel exercised no peremptory challenges?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the result in Ganyard.
James Ganyard was charged with sexual battery on a physically helpless victim based on an incident that occurred April 9, 1994. Jury selection took place March 27,1995, and Ganyard was convicted as charged. The district court affirmed.
Ganyard claims that the trial court erred under Coney v. State, 653 So.2d 1009 (Fla.1995), when it allowed the State to exercise peremptory challenges while Ganyard was not present at the bench (the defense did not exercise any challenges). We find our decision in State v. Mejia, 696 So.2d 339 (Fla.1997), controlling:
We find it unnecessary to reach the issue of whether there is conflict with this Court because we find that Coney did not apply to the decision in Mejia. Jury selection in Mejia commenced on January 23, 1995, but Coney did not become final until April 27, 1995. When we state that a ruling is prospective only, the ruling does not take effect until the time for rehearing has run or rehearing, if requested, has been denied. Where, as here, the jury *568 selection process took place before Coney was final, Coney does not apply.
Mejia, 696 So.2d at 340 (citations omitted). Jury selection in the present case took place before Coney was final. Coney thus is inapplicable and the certified question is moot. We approve Ganyard.
It is so ordered.
KOGAN, C.J., OVERTON, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.