715 So.2d 247 (1998)
David P. CARMICHAEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 90811.
Supreme Court of Florida.
July 9, 1998.
Nancy A. Daniels, Public Defender, and Raymond Dix, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Stephen R. White, Assistant Attorney General, Tallahassee, for Respondent.
SHAW, Justice.
We have for review Carmichael v. State, 693 So.2d 1141 (Fla. 1st DCA 1997), based on conflict with Ellis v. State, 696 So.2d 904 (Fla. 4th DCA 1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result in Carmichael as explained herein.
David Carmichael was charged with driving under the influence of alcohol and was tried before a jury. After counsel for both sides had finished questioning prospective jurors, the jury was selected at an unreported bench conference on June 26, 1995. Although Carmichael was not present at the bench during the conference, he was seated in the courtroom and had conferred with his lawyer immediately before the conference. The record is silent as to whether peremptory challenges were exercised. Carmichael was convicted as charged and the district court affirmed. He now claims that he is entitled to a new trial under Coney v. State, 653 So.2d 1009 (Fla.1995), because he was not present at the bench when the jury was selected. The State, on the other hand, contends that Carmichael failed to raise this issue in a timely fashion. We agree.
The Court in Coney held that under our then-current rules of procedure the defendant had a right to be present at the bench when juror challenges were exercised. Florida Rule of Criminal Procedure 3.180 provided:
(a) Presence of the Defendant. In all prosecutions for crime the defendant shall be present:
....
(4) at the beginning of the trial during the ... challenging ... of the jury.
*248 Coney, 653 So.2d at 1013. The Court gave the rule a literal reading and concluded that "the rule means just what it says: The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised."[1]Id. We did not decide at that time whether the defendant must timely raise this issue.[2]
We confronted a similar scenario in Gibson v. State, 661 So.2d 288 (Fla.1995), a death case wherein defense counsel asked for a tenminute recess during jury selection to meet with his client, and the court denied the request:
Mr. Rinard: Your Honor, if I may haveif we may take an afternoon recess so I may have ten minutes or so to speak with Mr. Gibson to advise him of some things and see how he would like for me to proceed.
The Court: Let's proceed with this round. Are there any additional challenges for cause?
Gibson, 661 So.2d at 290. Gibson was convicted and he raised on appeal the issue of his absence from the bench during jury selection. This Court found no error, noting that Gibson had not timely raised the issue:
Based on [the above] brief exchange, Gibson claims error in two respects. First, he argues that the trial court violated his right to be present with counsel during the challenging of jurors by conducting the challenges in a bench conference. Second, he argues that the trial court violated his right to the assistance of counsel by denying defense counsel's request to consult with Gibson before exercising peremptory challenges.
In Steinhorst v. State, 412 So.2d 332 (Fla.1982), we said that, "in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below." In this case, we find that Gibson's lawyer did not raise the issue that is now being asserted on appeal. If counsel wanted to consult with his client over which jurors to exclude and to admit, he did not convey this to the trial court. On the record, he asked for an afternoon recess for the general purpose of meeting with his client. Further, there is no indication in this record that Gibson was prevented or limited in any way from consulting with his counsel concerning the exercise of juror challenges. On this record, no objection to the court's procedure was ever made. In short, Gibson has demonstrated neither error nor prejudice on the record before this Court. Cf. Coney v. State, 653 So.2d 1009, 1013 (Fla.1995) (holding trial court's error in conducting pretrial conference where juror challenges were exercised in absence of defendant was harmless beyond reasonable doubt).
Gibson, 661 So.2d at 290-91 (emphasis added).[3] This ruling is in harmony with other decisions of the Court involving trial procedure in general[4] and the jury selection process in particular.[5]
*249 In the present case, as in Gibson, the defendant failed to raise this issue with the trial court. As noted above, defense counsel consulted with Carmichael immediately prior to jury selection, and neither Carmichael nor his lawyer expressed any interest in Carmichael being present at the bench during jury selection. Our decision in Coney had been issued months earlier, giving Carmichael ample notice of the existence of this right. As in Gibson, "there is no indication in this record that [the defendant] was prevented or limited in any way from consulting with his counsel concerning the exercise of juror challenges." 661 So.2d at 291.
A timely request to approach the bench or an affirmative waiverwould have allowed the court to address this matter promptly and easily, with a minimum expenditure of judicial resources.[6] Had the court improperly denied such a request, Carmichael would be entitled to relief. Under his proposed scenario, however, a defendant could sit silently on this right throughout the jury selection process, await the trial's conclusion, and thenin the event of an adverse outcome raise the issue on appeal for the first time. The price of such an "ambush"i.e., a new trialis prohibitively steep in terms of resources and delayand basic fairness.
Based on the foregoing, we conclude that the trial court did not err in selecting the jury. We approve the result in Carmichael as explained herein.
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
HARDING, C.J., concurs in result only with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., concurs in result only with an opinion.
HARDING, Chief Justice, concurring in result only.
I respectfully concur in result only. I believe that Coney violations that occurred within the Coney window can be raised for the first time on appeal or in a motion for new trial. However, I would find the error to be harmless in this case.
In Coney v. State, 653 So.2d 1009 (Fla. 1995), this Court was asked to determine what the term "presence" meant under Florida Rule of Criminal Procedure 3.180(a)(4), which requires a defendant to be present in a criminal prosecution during the challenging of the jury.[7] We stated:
We conclude that the rule means just what it says: The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised. See Francis. Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made. See State v. Melendez, 244 So.2d 137 (Fla.1971). Again, the court must certify the defendant's approval of the strikes, through proper inquiry. Our ruling today clarifying this issue is prospective only.
Coney, 653 So.2d at 1013.
Subsequent to our decision in Coney, Florida Rule of Criminal Procedure 3.180 was amended to state:
(b) Presence; Definition. A defendant is present for the purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.
Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 (Fla. 1996). This amendment did not become effective until January 1, 1997. See id. at 1255. Thus, a window was created in which the immediate site/juror challenges requirement of Coney applied to all trials that took place *250 between the date that Coney became final, April 27, 1995, and the date the new rule went into effect, January 1, 1997. The jury in Carmichael's case was selected on June 26, 1995, and therefore fell within the Coney window.
The majority opinion analogizes Carmichael's case to Gibson v. State, 661 So.2d 288 (Fla.1995). The Court in Gibson stated:
In Steinhorst v. State, 412 So.2d 332 (Fla.1982), we said that, "in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below." In this case, we find that Gibson's lawyer did not raise the issue that is now being asserted on appeal. If counsel wanted to consult with his client over which jurors to exclude and to admit, he did not convey this to the trial court. On the record, he asked for an afternoon recess for the general purpose of meeting with his client. Further, there is no indication in this record that Gibson was prevented or limited in any way from consulting with his counsel concerning the exercise of juror challenges. On this record, no objection to the court's procedure was ever made. In short, Gibson has demonstrated neither error nor prejudice on the record before this Court.
Gibson, 661 So.2d at 290-91. The majority concludes that Carmichael, like Gibson, needed to raise this issue at the trial court in order to preserve the issue on appeal.[8] However, Gibson's trial predated this Court's decision in Coney, and therefore did not fall within the Coney window. Thus, Gibson does not apply to the present case, because the rule in effect at the time of Gibson's trial did not give him the right to be present at the immediate site where the juror challenges were exercised, and therefore no error occurred. Because Carmichael's trial did fall within the Coney window, it was error for Carmichael not to have been present at the immediate site where the jury challenges took place.
In the present case, Carmichael did not object during the trial when the alleged error took place. Rather, Carmichael raised this issue for the first time on appeal. Nevertheless, an error regarding a defendant's right to be present at a critical stage in a trial can be raised for the first time on appeal or in a motion for new trial. See Francis v. State, 413 So.2d 1175, 1177-79 (Fla.1982). In Francis, which was decided subsequent to Steinhorst v. State, 412 So.2d 332 (Fla.1982),[9] this Court held that it was error for Francis to be absent from the courtroom during the time that peremptory challenges were exercised. Although Francis failed to raise this issue at trial, this Court nonetheless permitted Francis to raise this issue for the first time in a motion for new trial. See 413 So.2d at 1177. The Court concluded that "[Francis'] silence ... did not constitute a waiver of his right." Id. at 1178. This Court reversed and remanded for a new trial.
Similarly, in Coney, this Court addressed Coney's claim regarding his right to be present at sidebar during the exercising of peremptory challenges, despite the fact that Coney failed to raise this issue at trial. This Court concluded that it was error for Coney not to have been present at sidebar during *251 the exercising of peremptory challenges.[10] This Court found the error to be harmless.
Using the majority's rationale in the present case, I fail to see how this Court could have granted relief in Francis or addressed the issue in Coney. Although not explicitly stated, the effect of the majority opinion is to recede from this Court's decisions in Francis and Coney.
In addition to the precedent that has been set by this Court which would enable a defendant to raise an error concerning presence for the first time on appeal, logic dictates such a result based on the express language in Coney. In Coney, this Court stated that in order for a defendant to waive the right to be present at the immediate site where peremptory challenges are exercised, "the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary." Coney, 653 So.2d at 1013 (emphasis added). The Court also stated that a defendant can ratify the strikes made outside the defendant's presence by acquiescing to the strikes after they are made. Again, the Court stated that the trial court must certify the defendant's approval of the strikes. See id. Thus, for those cases that fell within the Coney window, I read Coney as placing the burden on the trial court to ensure that the defendant was afforded the right to be present, or, in the alternative, to have certified that the defendant had waived this right.[11] To require the defendant here to preserve the error by making a contemporaneous objection would make the clear language of Coney requiring an inquiry and certification by the trial judge empty and hollow.
In Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), the Fourth District Court of Appeal addressed whether or not Coney violations can be raised for the first time on appeal or in a motion for new trial. The district court reasoned:
Patently, the procedure the Coney court prescribed in order for a defendant to waive his presence or ratify jury selection in the defendant's absence would be superfluous if the simple failure to make a timely objection had the same result. We note that in Mejia, the First District recognized that to require a contemporaneous objection to preserve for appeal the issue of deprivation of the right to be present at the bench conference for peremptory challenges would render it meaningless. 675 So.2d at 999.
Brower, 684 So.2d at 1380 (emphasis added). I agree.[12]
Therefore, it seems apparent to me that case precedent, logic, reason, and the basic principles of fairness require that Carmichael be given the opportunity to raise this Coney error for the first time on appeal or in a motion for new trial.
Another issue in this case concerns whether peremptory challenges must actually be exercised in order for a Coney violation to occur. In the present case, the First District Court of Appeal concluded, "Where defense counsel does not exercise any peremptory challenges, there is no basis for reversal under Coney." Carmichael, 693 So.2d at 1142. The district court based this conclusion on one of its earlier decisions, Ganyard v. State, 686 So.2d 1361 (Fla. 1st DCA 1996), wherein the court certified the following question to be of great public importance:
DOES CONEY v. STATE, 653 So.2d 1009 (Fla.), CERT. DENIED, 516 U.S. 921, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), PROVIDE A BASIS FOR REVERSAL OF A CONVICTION WHEN THE DEFENDANT'S COUNSEL EXERCISED NO PEREMPTORY CHALLENGES? *252 Id. at 1362-63. In Ganyard v. State, 705 So.2d 567 (Fla.1998), this Court declined to answer this question, finding that the question was moot because jury selection in Ganyard's trial took place before Coney became final. Thus, Ganyard's trial did not fall within the Coney window and therefore it was not error for Ganyard not to have been present at the immediate site where juror challenges were exercised.
However, in the present case, it is clear that Carmichael's trial fell within the Coney window, and therefore it is appropriate to now address the question raised in Ganyard. For those cases that fell within the Coney window, I believe that the immediate site/juror challenges requirement of Coney applied whenever peremptory challenges were or could have been exercised. I agree with the reasoning from Judge Webster's dissent in Ganyard, where he argued:
In Mr. Coney's case, "[j]uror challenges... were exercised on two occasions: first, during a brief bench conference after prospective jurors had been polled concerning their willingness to impose death, and second, during a lengthy proceeding at the conclusion of voir dire." [Coney, 653 So.2d at 1013]. Coney was absent only on the former occasion, when challenges for cause were exercised by the state and Coney's counsel. Id. Because Coney neither waived his presence at the bench conference nor ratified the challenges for cause exercised by his counsel, the court concluded that error had occurred. Id. However, because the challenges "`involved a legal issue toward which [Coney] would have had no basis for input,' i.e., the death qualifying of prospective jurors," the court concluded, further, that the error was harmless. Id. (citation omitted). From this, it seems to me relatively clear that Coney was absent only when Witherspoon [Note] challenges were being exercised by counselhe was present at the immediate site where peremptory challenges (and, perhaps, cause challenges based on grounds other than views regarding the death penalty) were exercised.
[Note:] Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
It seems to me, further, that the court concluded that Coney's absence from the site of the exercise of the Witherspoon challenges was harmless solely because it assumed that Coney could not have had any input regarding whether a particular Witherspoon challenge should be exercised. While one might disagree with the court's assumption that a defendant can never have any meaningful input to offer on the question of whether his counsel should exercise a particular challenge for cause in such circumstances, it seems to me that the majority reads far more into this portion of the court's opinion than was intended when it concludes that harmful error can occur only when the defendant's counsel actually exercises peremptory challenges in the defendant's absence.
The majority focuses narrowly on the words "are exercised" in the language from Coney that "[t]he defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised." 653 So.2d at 1013. In Francis v. State, 413 So.2d 1175, 1178-79 (Fla.1982), the court said that "[t]he exercise of peremptory challenges has been held to be essential to the fairness of a trial by jury and has been described as one of the most important rights secured to a defendant." In Mejia v. State, 675 So.2d 996, 1000 (Fla. 1st DCA), review pending, *253 Case No. 88,684 (filed Aug. 6, 1996), we concluded "that the procedural rule set out in Coney is intended to ensure that a defendant's right to meaningful participation in decisions regarding the exercise of challenges, particularly peremptory challenges, is zealously protected." It seems to me that the majority's reading of the language regarding "the exercise" of challenges is unreasonably narrow. I find it much more plausible that, when the court used the phrase "[t]he exercise of peremptory challenges" in Francis, it intended to refer to the entire process by which one decides whether to exercise one or more peremptory challenges, rather than merely to the actual act of challenging a particular prospective juror. Likewise, I find it much more plausible that the court intended the same thing when it used similar language in Coney.

Frankly, I am unable to see the logic in a rule which is designed to protect a defendant's right to meaningful participation in decisions regarding the exercise of challenges, but would permit a finding of harmful error only when at least one peremptory challenge was exercised by a defendant's counsel. Surely, it is just as important that a defendant have an opportunity to offer input regarding the decision not to challenge any prospective jurors peremptorily as it is that a defendant have an opportunity to offer input regarding the decision to challenge a particular prospective juror peremptorily. In the latter case, it is clear that, if the defendant is not present at the immediate site where the challenge is made and has neither waived the right to be present nor subsequently ratified the challenge, Coney has been violated. Yet, according to the majority, in the former case, no Coney error occurs because defendant's counsel exercised no peremptory challenges, notwithstanding that the defendant was not present at the immediate site where the decision not to exercise any peremptory challenges was made by counsel, and neither waived the right to be present nor subsequently ratified counsel's decision. It seems to me that the fact that a challenge was made in one case but not in the other is a distinction without a difference if what we are concerned about is the defendant's right to meaningful participation in the decision.
It seems to me, further, that the same analysis holds with regard to challenges for cause. Assuming that the challenge is one regarding the exercise of which a defendant might offer meaningful input (such as, for instance, when the challenge is one which, for tactical reasons, might not be exercised even if available), I see no logical reason why Coney should not apply. It might well be that a defendant would prefer to have a particular prospective juror on the panel, given the alternatives, notwithstanding the availability of a challenge for cause. In such a case, application of Coney would ensure that the defendant would have an opportunity to inform counsel of his or her wishes.
In short, based upon my reading of Coney, it seems to me that the court intended the rule to apply during the entire process of challenging prospective jurors, to ensure that a defendant would have an opportunity to discuss possible challenges with counsel before a decision is made. More particularly, I believe that Coney was intended to apply to cases such as this one, notwithstanding the fact that appellant's counsel did not exercise any peremptory challenges. In my opinion, pursuant to Coney, absent a waiver or a subsequent ratification of his counsel's decision, appellant was entitled to be present at the bench conference during which his counsel decided not to exercise any peremptory challenges.
It is undisputed that appellant was not present at the bench conference during which challenges were discussed (and his counsel announced that he would not exercise any peremptory challenges), and that appellant neither waived his right to be present nor subsequently ratified his counsel's decision.
Ganyard, 686 So.2d at 1364-66 (Webster, J., dissenting).
*254 Finally, having found that a Coney error occurred, the next question becomes whether or not this error was harmless. In Coney, this court found the error to be harmless because the error occurred at a bench conference on a purely legal issue for which the defendant would have had no input.[13]Coney, 653 So.2d at 1013. Similarly, in the present case, the record reflects that Carmichael "had previously conferred with counsel prior to the challenging procedure." Thus, Carmichael was still given the opportunity to voice his opinion to his attorney regarding potential peremptory challenges. Therefore, although a Coney error occurred in this case, I would find the error to be harmless.
ANSTEAD, J., concurs.
PARIENTE, Justice, concurring in result only.
I concur in the result reached by the majority for the reasons stated in this concurrence. Carmichael has not explained how his absence at the site where the peremptory challenges were exercised thwarted the fundamental fairness of the proceedings; he merely alleges noncompliance with the Coney rule.
In Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), this Court interpreted Florida Rule of Criminal Procedure 3.180(a) as conferring upon defendants the right to be "physically present at the immediate site where pretrial juror challenges are exercised." As stated by the majority in the present case, we gave this rule a "literal reading" in Coney. Majority op. at 248. The defendant's "right" to be physically present at the bench conference where challenges are exercised is not an integral part of a defendant's constitutional right to participate in jury selection necessary to ensure fundamental fairness, but a procedural right granted by rule and subsequently repealed by rule. A violation of the procedural right granted by Coney to be physically present at the bench conference does not automatically translate into a violation of the defendant's constitutional right.
We subsequently approved an amendment to the rule that removed the procedural right announced in Coney. See Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996). Rule 3.180 now considers a defendant present when the defendant is "physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed." Fla. R.Crim. P. 3.180(b). If the Coney decision enunciated a constitutional standard for defining "presence," then we would have to question whether the amended rule of criminal procedure that superseded Coney is constitutionally infirm.
The question raised by Chief Justice Harding's concurrence is whether we are compelled by Francis v. State, 413 So.2d 1175 (Fla.1982), to allow a defendant to raise a Coney issue for the first time on appeal. This question was answered by our Court in Boyett v. State, 688 So.2d 308, 309 (Fla.1996):
In Coney, we interpreted the definition of "presence" as used in Florida Rule of Criminal Procedure 3.180. We expanded our analysis from Francis v. State, 413 So.2d 1175 (Fla.1982), which concerned both a defendant whose right to be present had been unlawfully waived by defense counsel, and a jury selection process which took place in a different room than the one where the defendant was located. In Coney, we held for the first time that a defendant has a right under rule 3.180 to be physically present at the immediate site where challenges are exercised.
Accordingly, in Boyett we receded from Coney "to the extent that we held the new definition of `presence' applicable to Coney himself." Boyett, 688 So.2d at 310. If allowing *255 a defendant to raise a Coney issue for the first time on appeal is mandated by Francis, then we improperly determined in Boyett that the defendant in Coney could not himself raise the issue on appeal.
Francis, unlike Coney, was based on constitutional principles. In Francis, this Court explained that a defendant has the constitutional right, founded on due process, to be present at "the stages of his trial where fundamental fairness might be thwarted by his absence." 413 So.2d at 1177. In Francis the defendant was involuntarily absent during the final stage of jury selection and was not present in the room during the challenging of jurors. Thus, the procedure in Francis not only violated the defendant's constitutional rights, but also failed to comport with rule 3.180, either before Coney or after the new amendment that redefines "presence."
Further, the procedure we set forth in Coney for the trial court to certify through inquiry that the waiver was knowing and intelligent, Coney, 653 So.2d at 1013, was neither constitutionally mandated nor based on the language of the rule itself. The requirement of a knowing and intelligent waiver on the record is a procedural safeguard for ensuring the protection of constitutional rights. See Francis, 413 So.2d at 1178 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); see also Blair v. State, 698 So.2d 1210, 1217-18 (Fla.1997). However, this Court has held that not all constitutional rights require an on-the-record waiver. See Torres-Arboledo v. State, 524 So.2d 403, 410-11 (Fla.1988) (constitutional right to testify is not in category of fundamental rights that require a colloquy and an on-the-record waiver). Therefore, while the failure of the trial court here to obtain a knowing and intelligent waiver might violate dicta in Coney, it does not constitute a separate ground for appealing an issue not properly preserved below.
While I do not agree that the defendant has the right to raise the Coney issue on direct appeal since fundamental error is not involved, I believe that the defendant has the right to raise the issue for the first time in a collateral proceeding. In this regard, I agree with Judge Altenbernd's concurrence in Hill v. State, 696 So.2d 798, 800 (Fla. 2d DCA), decision approved, 700 So.2d 646 (Fla. 1997), where he stated that:
Although I conclude that Mr. Hill has the right to raise the Coney issue, I do not believe he has the right to raise it on direct appeal. There is nothing in this record to suggest that Mr. Hill would have taken any action at the bench that would have affected the make-up of this jury.
... I assume a prisoner can raise this issue in a postconviction motion without the need to preserve it at trial. A prisoner may allege that his lawyer was ineffective by failing to read the advance sheets and advise the trial court of his client's newly announced right.
On the other hand, I cannot conclude that the Coney issue is a per se error. See Scott v. State, 618 So.2d 1386 (Fla. 2d DCA 1993) (defendant's presence by video at arraignment is not per se error). Unlike a Neil[[14]] issue where a jury either includes someone who should have been dismissed or excludes someone who should not have been dismissed, the Coney issue does not automatically affect the make-up of the jury. Therefore, I conclude that Mr. Hill should be required to allege under oath and prove that he would have affected the make-up of his jury if he had been allowed to be physically present at the bench conference.
(Citations omitted).
In this case, however, it appears that any error would have been harmless because the record affirmatively establishes no peremptories were exercised.
NOTES
[1] We have since amended Florida Rule of Criminal Procedure 3.180 to supersede Coney. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995)."). Our ruling in Coney thus is applicable only to those cases falling within a narrow windowi.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla. 1997); Amendments.
[2] We later held the Coney rule inapplicable to Coney himself and other "pipeline" defendants. Boyett v. State, 688 So.2d 308 (Fla.1996).
[3] Gibson's trial took place before Coney was issued; his appeal took place after. As noted above, the Court subsequently determined that the rule of law announced in Coney was inapplicable to Coney himself and other "pipeline" cases. See Boyett.
[4] See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982) ("Except in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court.").
[5] See Melbourne v. State, 679 So.2d 759 (Fla. 1996) (requiring a contemporaneous objection to preserve a claim of racially motivated peremptory challenge); Willacy v. State, 640 So.2d 1079 (Fla.1994) (requiring a contemporaneous objection to preserve a claim of unqualified juror); Joiner v. State, 618 So.2d 174 (Fla.1993) (requiring a contemporaneous objection to preserve a claim of improperly selected jury).
[6] Had Carmichael elected to waive the right, the court would have certified that the waiver was "knowing, intelligent, and voluntary" through proper inquiry. Coney, 653 So.2d at 1013.
[7] At the time Coney was decided, Florida Rule of Criminal Procedure 3.180 stated:

(a) Presence of the Defendant. In all prosecutions for crime the defendant shall be present:
....
(4) at the beginning of the trial during the... challenging ... of the jury.
Coney, 653 So.2d at 1013 (quoting Fla. R.Crim. P. 3.180(a)).
[8] The majority opinion states that "[a] timely request to approach the benchor an affirmative waiverwould have allowed the court to address this matter promptly and easily, with a minimum expenditure of judicial resources." Majority op. at 249. The opinion further states in a footnote that "[h]ad Carmichael elected to waive the right, the court would have certified that the waiver was `knowing, intelligent, and voluntary' through proper inquiry. Coney, 653 So.2d at 1013." Majority op. at 249, note 6. Defendants within the Coney window had a right to be present at the immediate site where juror challenges were exercised. A defendant could have waived this right if the court certified that the waiver was knowing, intelligent, and voluntary. Thus, the burden was on the trial court to make sure that a defendant was either present or had waived this right. If the defendant was denied this right, and the court did not certify that the defendant had waived this right, then I believe that this constituted error.
[9] The majority cites to Gibson, which in turn cites to Steinhorst, for the proposition that "[e]xcept in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court." Majority op. at 248, note 4. Both Francis and Coney were silent as to whether the presence error was fundamental.
[10] In Coney, this Court erroneously applied the Coney violation to Coney himself. In Boyett v. State, 688 So.2d 308 (Fla. 1996), this Court clarified that our decision in Coney was prospective only and therefore should not have applied to Coney.
[11] The majority opinion states:

Under his proposed scenario, however, a defendant could sit silently on this right throughout the jury selection process, await the trial's conclusion, and thenin the event of an adverse outcomeraise the issue on appeal for the first time.
Majority op. at 249. I note that the Coney window is relatively narrow (less than two years). Additionally, the Coney window is now closed, therefore preventing defendants from following the strategy outlined by the majority (sitting silently through the jury selection process and raising the issue on appeal in the event of an adverse outcome).
[12] All five district courts have ruled on whether or not Coney violations that occurred within the Coney window can be raised for the first time on appeal or in a motion for new trial. Only the Second District Court of Appeal has concluded that Coney violations cannot be raised for the first time on appeal or in a motion for new trial. See Butler v. State, 676 So.2d 1034, 1035 (Fla. 1st DCA 1996) ("The state asserts that an objection was required to preserve this issue for appeal, in accordance with Gibson v. State, 661 So.2d 288 (Fla.1995). But the court did not suggest in Gibson that it intended to recede from the recent ruling in Coney, which obligates the trial court to make a proper inquiry regarding the defendant's personal waiver or acquiescence."); Wilson v. State, 680 So.2d 592, 593 (Fla. 3d DCA 1996) ("We disagree with the state's assertion that Wilson's failure to interpose a timely objection to being excluded from this side bar is fatal to appellate review."), dismissed, 693 So.2d 33 (Fla. 1997); Brower v. State, 684 So.2d 1378, 1380 (Fla. 4th DCA 1996) ("The supreme court did not imply any need for a contemporaneous objection in Coney ...."); Anderson v. State, 697 So.2d 878 (Fla. 5th DCA 1997); but see Lee v. State, 695 So.2d 1314, 1315 (Fla. 2d DCA 1997) ("[W]e believe it more appropriate to raise allegations of unpreserved error in a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.").
[13] As stated earlier, in Coney this Court erroneously applied the Coney violation to Coney himself. In Boyett v. State, 688 So.2d 308 (Fla. 1996), this Court clarified that our decision in Coney was prospective only and therefore should not have applied to Coney.
[14] State v. Neil, 457 So.2d 481 (Fla. 1984).