713 So.2d 1005 (1998)
STATE of Florida, Petitioner,
v.
Richard BROWER, Respondent.
No. 89968.
Supreme Court of Florida.
July 9, 1998.
Robert A. Butterworth, Attorney General, and David M. Schultz, Senior Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
SHAW, Justice.
We have for review Brower v. State, 684 So.2d 1378 (Fla. 4th DCA 1996), based on conflict with Carmichael v. State, 715 So.2d 247 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Brower.
Richard Brower was charged with firstdegree murder and aggravated burglary. Following voir dire, the jury was selected at a bench conference on June 5, 1995, where several juror challenges were exercised. Although Brower was present in the courtroom during jury selection, he was not present at the bench. He was convicted as charged and the district court reversed because he was not present at the bench during jury selection. The State argues that the trial court did not err in selecting the jury. We agree.
This Court in Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), ruled that under our then-current rules of procedure, the defendant had a right to be present at the bench when pretrial juror challenges were exercised.[1] We recently held in Carmichael v. State, 715 So.2d 247 (Fla.1998), that the defendant must timely raise this issue. In the present case, although Brower was present in the courtroom when the jury was selected, the record fails to show that either he or his lawyer expressed any interest in Brower being present at the bench. We note that our decision in Coney had been issued months earlier, giving Brower ample notice of the existence of this right. We find no error.
We quash Brower.
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
HARDING, C.J., dissents with an opinion, in which ANSTEAD, J., concurs.
*1006 PARIENTE, Justice, concurring in result only.
I concur in the result only for the reasons stated in my concurrence in Carmichael v. State, 715 So.2d 247 (Fla.1998). I add the caveat that an affirmance does not preclude the defendant from raising this issue by way of postconviction relief as suggested by Judge Altenbernd in his concurrence in Hill v. State, 696 So.2d 798, 800 (Fla. 2d DCA), decision approved, 700 So.2d 646 (Fla.1997).
HARDING, Chief Justice, dissenting.
I dissent for reasons stated in my dissenting opinion in State v. Ellis, No. 91,154, ___ So.2d___(Fla. July 9, 1998).
ANSTEAD, J., concurs.
NOTES
[1] Coney has since been superseded. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995)."). Coney is applicable only to those cases falling within a narrow windowi.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the corrective amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.