SHAHOOD, J.
Appellant, James Eaves, was charged with, tried for, and convicted of battery on a law enforcement officer and resisting an officer with violence. Based on the following, we reverse and remand for a new trial.
The basis of this appeal is an error which occurred during jury selection. During voir dire examination of the prospective jurors, they were asked to answer several questions about their personal background, including whether they had any prior exposure to the legal system. The judge told the potential jurors that “[ojnce in a while, the answers to those questions are very sensitive and if it should be true to any of you, we will hear your answers here in a more private way with me and the attorneys.”
One potential juror, a male, responded aloud as follows:
Divorced and my ex-wife is a State attorney. No children. Never served as a juror before. Couple of — my father was in a civil lawsuit, a contract suit. I'm Mends with Mike Satz, the State Attorney for Bi’oward County and Mends with quite a few of the assistant State attorneys, although I don’t think I know this gentleman here. A couple of D.U.I. arrests in the family. I have had my house robbed a couple of times. I don’t have any criminal charges pending in court, and my hobbies are fishing, rollerblading, skiing....
After all of the potential jurors responded, the court dismissed the group. Subsequently, two of the jurors approached the judge to speak with him privately. Counsel for the State and defense, as well as appellant, were present in the court room, but were not present at the sidebar conference. A female juror, whose name is not given in the record, told the judge, “I forgot that my house was robbed two years ago, but it doesn’t affect anything.” The male juror whose responses are quoted above, then told the judge that [in] response to the question about arrests to family members and myself, I mentioned that there were a couple of D.U.I.’s. I didn’t want to say because I don’t know who may know me, but one of them was me. I didn’t want them to know.
After the conference with the jurors concluded, the court reported to the attorneys and the defendant that
[The male juror] related there had been some D.U.I. arrests in his family that he didn’t feel comfortable to be in front of the other jurors because of his work and I told him that I would tell you all that.
Defense counsel did not object to not being present when the jurors made the statements to the judge, and did not ask any additional questions of either juror. Thereafter, defense counsel struck the male juror using a peremptory challenge. It is unclear from the record whether the female juror was ultimately sworn or dismissed; however, that is of no consequence to this appeal.
In Francis v. State, 413 So.2d 1175, 1178-79 (Fla.1982), the court said that “[t]he exercise of peremptory challenges has been held to be essential to the fairness of a trial by jury and has been described as one of the most important rights secured to a defendant.” To that end, procedural safeguards have been established to ensure a defendant’s right to meaningful participation in the jury selection process. See, e.g. Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert. denied; 516 U.S. 921, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995)(a defendant has the right to be present where pretrial juror challenges are exercised), receded from in part, Boyett v. State, 688 So.2d 308, 309 (Fla.1996)(a defendant must have a “meaningful opportunity to be heard through counsel on the issues being discussed”).
In this case, appellant was in the courtroom; however, because the trial judge failed to accurately relay the contents of the conversations with the jurors, appellant was effectively not present for Coney purposes. Under these circumstances, it is certainly possible that the misinformation affected appellant’s decisions during the jury selection process. We therefore reverse appellant’s conviction, and remand for a new trial.
*719 We have not overlooked Carmichael v. State, 715 So.2d 247 (Fla.1998), wherein the court narrowed Coney to the extent that a defendant must timely object to any error concerning his right to be present at jury selection conferences or suffer waiver of the issue on appeal. We distinguish Carmichael from the present case since, although appellant was in the courtroom, there is no evidence in the record that he had the opportunity to confer with his lawyer prior to the conference. Further, the trial judge’s inaccurate reporting of the sidebar discussion deprived appellant of the opportunity to make an informed decision concerning those particular jurors.
REVERSED AND REMANDED.
KLEIN and GROSS, JJ., concur.